---

(113 App. Div. 705.)

## In re KIRBY'S WILL.

(Supreme Court, Appellate Division, Second Department.   June 27, 1906.)

**1. WILLS—TESTAMENTARY TRUSTS—PURPOSES OF TRUST—AGREEMENT BETWEEN BENEFICIARY AND TRUSTEE—EFFECT.**

A testatrix devised her estate to her executors and their successors, in trust to pay a specified sum annually to a beneficiary for life. The sole heir of the testatrix became a trustee, and he devised his estate to his wife. At the time of the death of the testatrix her real estate consisted of a city lot and other property. The beneficiary and the owner of the estate subject to the trust entered into an agreement, reciting that the beneficiary had accepted the personal bond of the owner, secured by a mortgage on the city lot as security for the payment of the annuity. *Held*, that the beneficiary did not by the agreement dispose of his interest in the trust created by the will, and the effect of the agreement was to release to the owner his right in the property from which the income applicable to the payment of his annuities was payable, with the exception of the city lot.

**2. TRUSTS—INTEREST OF BENEFICIARY—CONVEYANCE—STATUTES.**

A bond and mortgage given as recited in the agreement represented the interests of the beneficiary in the trust estate, and an assignment by him of the bond and mortgage did not devest him of his right, under Real Property Law, Laws 1896, p. 572, c. 547, § 83, and Personal Property Law, Laws 1897, p. 508, c. 417, § 3, prohibiting such transfer by assignment.

**3. SAME—APPOINTMENT OF TRUSTEE—RIGHT OF BENEFICIARY TO COMPEL APPOINTMENT.**

Testatrix devised her estate to her executors and their successors in trust to pay a specified sum annually to a beneficiary for life. The sole heir of the testatrix subject to the trust became trustee, and he devised his estate to his wife, and she and the beneficiary entered into an agreement reciting the acceptance by the beneficiary of a bond of the wife secured by mortgage on a lot devised by the testatrix as security for the payment of the annuity. *Held*, that the beneficiary had such an interest in the real estate mortgaged as entitled him to apply for the appointment of a trustee thereof.

**4. SAME—ACCOUNTING—RIGHT OF BENEFICIARY.**

Where a beneficiary in a testamentary trust providing for the payment to him of annuities for life had been paid his annuities, as evidenced by his receipt in full, he was not entitled to an accounting.

[Ed. Note.—For cases in point, see vol. 47, Cent. Dig. Trusts, § 409.]

Woodward and Miller, JJ., dissenting.

Appeal from Special Term, Kings County.

In the matter of the appointment of a trustee under the will of Mary L. Kirby, deceased. From an order appointing a trustee, and directing an accounting by the executors of a former trustee, deceased, the executors appeal. Modified and affirmed.

Argued before HIRSCHBERG, P. J., and WOODWARD, GAYNOR, RICH, and MILLER, JJ.

Robert W. Todd, for appellants.

J. E. Delaney, for respondent.

RICH, J. Appeal from an order appointing a trustee of the estate of Mary L. Kirby, deceased, and directing an accounting by the executors of Mary E. Van Aulen, a former trustee, deceased. The appeal of the executors is based upon the contention that the trust has been terminated, the cestui que trust has, by legislative authority, transferred all his interest in the trust estate, and for that reason is not entitled to the relief granted by the Special Term. Mary L. Kirby died in the borough of Brooklyn on September 16, 1875, leaving a last will and testament, thereafter duly admitted to probate, containing the following clause:

"Third. I give, devise and bequeath unto my executors hereinafter named, and to the survivor of them, all the rest, residue and remainder of the estate, real and personal, of which I may die seised and possessed, in trust, nevertheless, to and for the uses and purposes following, that is to say: To receive the rents and profits of such part thereof as shall consist of real estate, and to invest and keep invested upon bond and mortgage of real estate, or in the public funds of the United States, state or city of New York, as they may deem most safe and productive, such part thereof, as shall consist of personal estate, and apply said rents and profits of real estate and interest or income of personal estate to the use of my said husband, William L. Kirby, during his natural life, except that they shall apply to the use of James E. Delaney, who was brought up by me, the sum of five hundred dollars per annum thereout, until he shall arrive at the age of twenty one years and from and after that time the sum of one thousand dollars per annum thereout, during the lifetime of my said husband, William L. Kirby, and from and after the decease of my said husband, the sum of two thousand dollars per annum thereout, during his natural life."

Letters testamentary issued to Josiah Macy, Jr., and Thomas Everit, two of the executors named in said will. Upon their death William C. Van Aulen, a brother of said Mary L. Kirby, and her sole and only heir at law, to whom her entire estate descended, subject only to the continuance of the trust created during the lifetime of said James E. Delaney, was duly appointed trustee of the trust created in and by said will, qualified, and acted as such until his death. He left a last will and testament, by which he devised and bequeathed his entire estate to his wife, Mary E. Van Aulen. Upon his death George W. Chauncey was duly appointed trustee in his place and stead. At the time of her

death the estate of Mary L. Kirby consisted of real and personal prop-
erty, a parcel of the real property being a house and lot in the city of
New York known as No. 140 Waverly Place. It was provided by
chapter 119 of the Laws of 1883 :                                    `

"That James E. Delaney of the city of Brooklyn shall have full power and
authority, and it shall be lawful for him to assign, or in any other manner to
dispose of all his right, title and interest in and to a certain trust for the
receipt of the rents and profits of lands situated in the city and county of
New York, and in the city of Brooklyn, county of Kings, formerly belonging
to Mary L. Kirby, late of said city of Brooklyn, which trust is set forth in the
will of the said Mary L. Kirby, recorded in the office of the surrogate of
Kings county."

On May 1, 1891, Delaney (the cestui que trust) and Mary E. Van
Aulen (the then owner of the entire estate of said Mary L. Kirby, sub-
ject to the trust therein in favor of said Delaney) entered into an
agreement in writing and under seal, reciting, among other things,
the rights of the parties, the former proceedings relating to said trust ·
and estate, the statute referred to, the adjustment of deficiences arising
from the failure to pay Delaney the full amounts to which he was en-
titled under the provisions of said will, because of the insufficiency of
the income derived from the trust estate, at the sum of $10,132.52, and
its payment by Mrs. Van Aulen, and the discharge of the trustee and
Mrs. Van Aulen from any further claim for past deficiencies. These
recitals were followed by the following covenants and agreements :

"First. Said party of the first part hereby consents that an order or decree
may be made by said Supreme Court, upon the application of either said
George W. Chauncey or said Mary E. Van Aulen, substituting the said Mary
E. Van Aulen as trustee of the trust created in his favor, in and by the
said last will and testament of the said Mary L. Kirby, deceased, in the place
and stead of said George W. Chauncey, the present trustee, and also con-
sents that she may be appointed such trustee.without being required to give se-
curity of any kind by way of bond or otherwise ; and he also consents to the
extinguishment of the trust created in its favor as to all the property, real
and personal, in the hands of said George W. Chauncey, the present trustee,
as well as to any property, real or personal, which may hereafter come to
his hands or into his possession, or into the hands or into the possession of
his successor or successors ; and he also consents that a judgment or decree
may be made by said Supreme Court in any proceedings the said Mary E.
Van Aulen may institute or cause to be instituted, extinguishing and terminat-
ing said trust created in his favor, as aforesaid."

"Fourth. The said party of the first part, having accepted the personal
bond of said party of the second part with three sureties, secured by a mort-
gage upon said premises known as No. 140 Waverly Place in the city of New
York, as and for the security for the payment of said two thousand dollar
annuity to him during his natural life, as aforesaid, hereby consents that said
party of the second part may at any time hereafter, if she shall so elect,
substitute other real property situated in the cities of New York or Brooklyn,
or both, as security for her said bond in the place of said premises known
as No. 140 Waverly Place, as aforesaid; provided such other property, so to
be substituted, shall have a cash value of not less than thirty thousand dol-
lars," etc.

"Fifth. The said party of the first part, pursuant to the provisions of the
act of the Legislature of the state of New York entitled 'An act enabling
James E. Delaney, of the city of Brooklyn, to assign or in any other manner,
to dispose of his right, title and interest in and to a certain trust for the
receipt of the rents and profits of lands situated in the city of Brooklyn,
county of Kings, and in the city and county of New York, formerly belong-
ing to Mary L. Kirby, late of the city of Brooklyn, which trust is set forth

in the will of the said Mary L. Kirby, recorded in the office of the surrogate of Kings county,' passed March 22, 1883, hereby, in consideration of the premises, sells, assigns, transfers, and sets over to said party of the second part all his right, title, and interest in and to the trust, for the receipt of the rents and profits of the lands situated in the city and county of New York and in the city of Brooklyn, county of Kings, formerly belonging to Mary L. Kirby, late of said city of Brooklyn, which trust is set forth in the will of said Mary L. Kirby, recorded in the office of the surrogate of Kings county; and said party of the first part, as his own voluntary act and deed, irrespective of the authority conferred upon him by said act of the Legislature, hereby sells, assigns, transfers, and sets over to said party of the second part all his right, title, and interest in and to said trust estate created in his favor, as aforesaid, and to all property, real and personal, covered by or embraced in said trust.

"Sixth. Said party of the second part hereby expressly agrees to pay to said party of the first part during his natural life said annuity of two thousand dollars, in quarter yearly payments of five hundred dollars each, on the first days of July, October, January, and April in each and every year, or within fifteen days after the first day of each of said months."

Down to the time of her death Mary E. Van Aulen performed this agreement on her part, and paid to said Delaney the money secured thereby, and thereafter her executors, the appellants, have made such payments; the last one being made on October 2, 1905, 17 days before the petition in this proceeding was verified, to Silas A. H. Dayton on Delaney's order, in the following form:

"$500.00          Brooklyn Boro, New York, Oct. 2d, 1905.

"At sight pay to the order of Silas A. H. Dayton, Esq., five hundred 00/100 dollars, value received, and charge the same, with exchange, to account of being amount of annuity due me under will of Mary L. Kirby in full to date.
"J. E. Delaney."

This draft was drawn on the appellants as executors of the will of Mary E. Van Aulen, and paid by them. In 1890 Chauncey resigned as trustee, and said Mary E. Van Aulen was duly appointed in his place and stead. She never filed any account as trustee, and died in May, 1905, leaving a last will and testament, thereafter duly admitted to probate, in which, with the exception of some minor bequests, she left her entire estate to her sister, Martha A. Buckingham, and her nieces Anna S. B. Chandler and Rosalie A. B. Selfridge. Letters testamentary issued to the appellants named in her will, who qualified, and are now acting as her executors. January 9, 1903, Delaney assigned the bond and mortgage given him by Mary E. Van Aulen to Silas A. H. Dayton. There is no claim that this bond and mortgage is not an adequate security for the payment to Delaney of the $2,000 yearly, to which he is entitled under the provisions of the will of Mary L. Kirby for life.

It is claimed that it was not within the power of the Legislature to give legal effect to the agreement of Delaney by authorizing such action on his part as would result in the transfer of his interest in the trust estate and consequent termination of the trust, and that Delaney's assignment of his interest and consent to the extinguishment of the trust were for that reason inoperative. As counsel states the proposition, "no act of the cestui que trust, the trustee, or the Legislature, or all three combined, could terminate 'a legal trust created for a legal period'

until the expiration of the time set by the testator," which would be at Delaney's death.

Within the authority of Metcalfe v. Union Trust Co., 181 N. Y. 39, 73 N. E. 498, this proposition correctly states the law, but it does not control our decision in this proceeding, or sustain the order appealed from, except as to that portion of the trust estate consisting of the real property known as No. 140 Waverly Place in the city of New York. I am of the opinion that Delaney did not, by his agreement with Mrs. Van Aulen, dispose of his interest in the trust created by the will of Mary L. Kirby. He was not the owner of any portion of the property represented by the trust estate, and would never acquire property rights therein under the provisions of the trust. His right was limited to the payment, from the income thereof, of the sum of $2,000 each year until his death, and this right was created and secured by the trust provisions. There is nothing in the will showing any intent on the part of Mrs. Kirby to secure the payment of the sums she directed paid to Delaney from the income or rents and profits of any particular property, or from any specific fund. The entire income had failed to produce a fund sufficient to pay his annuities up to the time the agreement was executed; there being a then existing deficiency of upwards of $10,000. Until payment was made each year his right as a cestui que trust extended to the income of the entire trust estate. This right as to past deficiencies was extinguished by their payment by Mrs. Van Aulen when the agreement was entered into.

The legal effect of the agreement, so far as its provisions were valid, was to release to Mrs. Van Aulen, as Delaney might legally do, she being the sole owner of the estate, subject to his rights therein, his right or interest in the property from which the income applicable to the payment of his annuities were payable, with the exception of that parcel, of the value of $30,000, upon which he had, prior to the execution of the agreement, accepted and acquired a specific lien, viz., the premises known as No. 140 Waverly Place, which lien was much more valuable as a property right, as it did away with the probabilities of deficiencies in the payments of the future, and gave to him the control and means of enforcing the payment of his yearly annuities. This in no manner violated the provisions of the statute or the intent of the testator. After the bond and mortgage were given, they represented the interest and rights of Delaney in the trust and trust estate, which right and interest were thereby limited to that portion of the trust estate upon which the mortgage was a lien. The assignment of this bond and mortgage to Dayton did not devest Delaney of this right, because of the provisions of section 3 of the Personal Property Law, Laws 1897, p. 508, c. 417, and section 83 of the Real Property Law, Laws 1896, p. 572, c. 547, which prohibited such transfer "by assignment or otherwise."

In the property No. 140 Waverly Place, which yet forms a portion of the trust estate, Delaney has an interest. His right as a cestui que trust is enforceable against that portion of the estate which has been set aside as a security for his protection, which interest is sufficient to entitle him to the appointment of a trustee of that portion of the estate of Mary L. Kirby represented by the premises No. 140 Waverly

Place in the city of New York, to which property the trusteeship must be limited. Having been paid his annuities, as evidenced by his receipt in full, down to the time this proceeding was commenced, he is not entitled to an accounting.

The order should be modified, in accordance with this opinion, and, as so modified, affirmed, without costs to either party. All concur, except WOODWARD and MILLER, JJ., who dissent.