HOSKIN et al. v. LONG ISLAND LOAN & TRUST CO.

(Supreme Court, Appellate Division, Second Department. June 24, 1910.)

1. TRUSTS (§ 4*)—PERSONAL PROPERTY—REVOCATION—STATUTE—RETROACTION.
    Personal Property Law (Consol. Laws, c. 41) § 23 as added by Laws 1909, c. 247, providing that, on the written consent of all persons beneficially interested in a trust in personal property or any part thereof heretofore or hereafter created, the creator may revoke the same, and thereupon the estate of the trustee shall cease, etc., applies to trusts created before as well as after the passage of the act, when the creator participates in the revocation thereof.

    [Ed. Note.—For other cases, see Trusts, Cent. Dig. §§ 3–5; Dec. Dig. § 4.*]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

2. TRUSTS (§ 59*)—PERSONAL PROPERTY—TERMINATION—ACT OF PARTIES.

Complainant, having created a trust of the sum of $25,000, to be invested and the income, less expenses, to be paid to her semiannually, the principal to her executor or administrator, to be distributed according to her will, and any loss to be made up out of the accumulated income, had power by an instrument in writing to revoke the trust in part during her life, under Personal Property Law (Consol. Laws, c. 41) § 23, as added by Laws 1909, c. 247, providing that on written consent of all the parties beneficially interested in a trust in personal property the creator may revoke the same.

[Ed. Note.—For other cases, see Trusts, Cent. Dig. §§ 78–81; Dec. Dig. § 59.*]

3. PERPETUITIES (§ 9*)—ACCUMULATED INCOME—PURPOSE.

Under 1 Rev. St. (1st Ed.) pt. 2, c. 4, tit. 4, §§ 3, 4, providing for the creation of trusts, for the accumulation of income, etc., a trust to accumulate the income and dispose of the principal and such accumulated income, not for the benefit of minors, is invalid.

[Ed. Note.—For other cases, see Perpetuities, Cent. Dig. §§ 67–73; Dec. Dig. § 9.*]

4. TRUSTS (§ 124*)—ACCUMULATIONS.

Where plaintiff created a trust of certain money, the income, less an amount sufficient to cover any losses of principal, to be paid to her, and the principal, after her death to her executor or administrator, to be distributed according to her will or the statute of distribution, it indicated an intent that her legatees or next of kin should not take anything by virtue of the instrument creating the trust.

[Ed. Note.—For other cases, see Trusts, Dec. Dig. § 124.*]

Submission of controversy without action between Magdalena E. Hoskin and another and the Long Island Loan & Trust Company. Judgment for plaintiffs.

Argued before WOODWARD, JENKS, BURR, THOMAS, and CARR, JJ.

Charles J. Ryan, for plaintiffs.
George S. Ingraham, for defendant.

BURR, J. On January 27, 1896, Magdalena E. Schmadeke (who has since married and is the plaintiff Magdalena E. Hoskin) gave to defendant the sum of $25,000, and, in connection therewith, executed and delivered an instrument in writing by which she declared that defendant was—

"to hold and preserve the said principal sum for and during the natural life of the party of the first part, investing and reinvesting the said principal sum, upon first-class securities, and not in speculative stocks or enterprises, and, after deducting its commissions for receiving this trust fund and the annual commissions for receiving and paying over the income and profits and deducting all necessary expenses, pay the net interest and income derived therefrom semiannually or oftener if required, unto the party of the first part, with power and authority to rent, lease, manage, control, sell, and convey, any real estate that may come into the possession of said party of the third part and in the course of the administration of said trust. Said party of the first part doth further direct and require that the said principal fund be kept full and intact, supplied, if temporarily diminished by losses, from the income, and upon the death of the party of the first part the whole of said fund, with any accumulations, that may then remain in the hands of the party of the third part, shall be paid over to the executor or administrator of the party of the

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

first part, to be distributed according to her last will and testament, or the statutes in such case made and provided."

By the same instrument Annie M. Dooley, her mother, was appointed her attorney in fact for certain purposes, none of which is material to or in any wise affects this controversy. Defendant accepted the trust. On December 15, 1909, said Magdalena E. Schmadeke Hoskin and Annie M. Dooley executed a paper writing purporting to revoke the said trust to the extent of $10,000, and requesting that such sum be released by defendant and returned to the creator of the said trust. Defendant is entirely willing to do so, but questions its legal right, and this case comes before us on an agreed state of facts for a determination respecting the same.

Personal Property Law (Consol. Laws, c. 41), § 23, as added by Laws 1909, c. 247, contains the following provisions:

"Upon the written consent of all the persons beneficially interested in a trust in personal property or any part thereof heretofore or hereafter created, the creator of such trust may revoke the same as to the whole or such part thereof, and thereupon the estate of the trustee shall cease in the whole or such part thereof."

The difficulty which has existed in the way of the destruction of an active trust arose from the provisions of the law which prohibits the person entitled to the beneficial interest from assigning or in any manner disposing of the same, or the trustee from doing anything in contravention of the trust. Graff v. Bonnett, 31 N. Y. 9, 88 Am. Dec. 236; Douglass v. Cruger, 80 N. Y. 15; Lent v. Howard, 89 N. Y. 169; Genet v. Hunt, 113 N. Y. 158, 21 N. E. 91; Cuthbert v. Chauvet, 136 N. Y. 326, 32 N. E. 1088, 18 L. R. A. 745. The beneficiary of the trust, the trustee, the owner of the reversion or remainder, and in some cases the creator thereof, represent every possible interest, legal or equitable, in the trust property. The creator of the trust and the person entitled to the reversion or the remainder, if in other respects competent to act, could always release or convey all or any rights which they might have in the subject-matter of the trust. The effect of this act is to remove from the beneficiary and the trustee the prohibition which has heretofore existed, and make them as free to act in regard thereto as any other person. When, therefore, the necessary conveyances or releases are executed, the trust terminates as matter of law. In re United States Trust Company, 175 N. Y. 304, 67 N. E. 614. Notwithstanding that the act above quoted was passed subsequent to the execution of the trust instrument, we think that it is applicable to this case with like effect as if passed prior thereto. By its express terms it relates to trusts created before as well as after its passage, and its application is limited to trusts of personal property when the creator of the trust participates in the revocation thereof. It is not, therefore, open to attack upon constitutional grounds. Metcalfe v. Union Trust Co., 181 N. Y. 39, 73 N. E. 498. If there is anything in the language of Matter of Kirby, 113 App. Div. 705, 100 N. Y. Supp. 155, which might seem to point in a contrary direction, such language must be construed with reference to the particular facts of that case. Therefore the question in this case for determina-

tion is whether, besides Magdalena E. Schmadeke Hoskin, there are any other persons who take any interest in the trust property by virtue of this instrument, whether construed as creating an express trust, or only a power in trust, or who claim title thereto under its provisions. We think that there is not. If the instrument, after providing for the disposition of the income during the lifetime of Mrs. Hoskin, had contained no directions as to the disposition of the principal of the fund after her death, this would not be debatable. In legal effect it does that and nothing more. It provides that "upon the death of the party of the first part [Mrs. Hoskin] the whole of said fund, with any accumulations, that may then remain in the hands of the party of the third part [the trustee] shall be paid over to the Executor or Administrator of the party of the first part, to be distributed according to her last will and testament, or the statutes in such case made and provided." But that is simply what the law would require to be done in the absence of any direction. This instrument creates no new power of disposition to be then exercised by the trustee, but recognizes a right on the part of her executor or administrator which had not been affected by the declaration of the quality of the estate which the trustee of the express trust therein contained would take. It names no persons to whom the principal of the fund is payable. After her death, the trustee has no duty whatever as to the disposition of it. It is not called upon to ascertain her legatees if she left a will, or her next of kin if she left none, nor does it owe any duty to either legatees or next of kin to see to it that they receive their proper proportion of the fund in question. The situation is in this respect very similar to that where the trustee has a simple power of management, while the title to the corpus of the estate is in another, in this case the creator thereof. Onondaga Trust & Deposit Co. v. Price, 87 N. Y. 542. In this very vital particular the case at bar differs from those cited and relied upon by defendant. Townshend v. Frommer, 125 N. Y. 446, 26 N. E. 805; Losey v. Stanley, 147 N. Y. 560, 42 N. E. 8; Robb v. Washington & Jefferson College, 185 N. Y. 485, 78 N. E. 359; Genet v. Hunt, 113 N. Y. 158, 21 N. E. 91. In the latter case, which in some respects is similar to the case at bar, the creator of the trust, in anticipation of her marriage, executed a deed by which the trustees named therein were directed to apply the income to her use during her life, and upon her death the further duty was devolved upon them to convey the remainder to her devisees, or, in default of a will, to her heirs at law. In that case it seems to have been conceded that the remaindermen took by virtue of the instrument creating the trust, and the question there discussed was whether she had reserved to herself an absolute jus disponendi, or only a power of appointment by will. The court held that she had only the latter power, and that the validity of certain trusts which she attempted to create by her will must therefore be determined as though these provisions had been contained in the trust deed. In this case, in the absence of any direction to the contrary, any income which had been earned, but not paid over to the beneficiary of the trust, would of necessity be paid to her executor or administrator, even though the principal of the fund were

by the express terms thereof directed to be paid to others. If this instrument be construed as providing for the accumulation of income and the disposition of the principal and such accumulated income, it would result in destroying the validity of the trust, since such accumulation was not for the benefit of minors. 1 Rev. St. (1st Ed.) pp. 773, 774, §§ 3, 4; Barbour v. De Forest, 95 N. Y. 13. The creator of the trust did not in express terms direct that any accumulation of the income should be made, and there is no contention here that the trust is void on that account. But the fact that at her death she directed not only the principal of the fund, but any accumulations (by which she doubtless meant any income accrued but not paid over to her), should be together paid to her executor or administrator to form collectively a part of her estate, constrains us to hold that she could not have intended her legatees or next of kin to take anything by virtue of this instrument.

There must be judgment for the plaintiffs upon the submitted controversy, but, under the circumstances, without costs. All concur.

