### SPERRY v. FARMERS' LOAN & TRUST CO. et al.

(Supreme Court, Appellate Division, First Department. January 3, 1913.)

1. CONVERSION (§ 11*)—CORPUS OF TRUST ESTATE—PERSONALTY.

An owner of an undivided interest in the estate of a testator executed a deed of trust conveying his interest consisting principally of real estate to trustees for a specified purpose. The executor of testator exercised his power and converted all the property into cash and paid the same to the trustees. *Held*, that the corpus of the trust estate was personalty, because the act of the executor in converting the realty into cash operated as a legal and actual conversion of real estate into personalty.

[Ed. Note.—For other cases, see Conversion, Cent. Dig. §§ 19–24; Dec. Dig. § 11.*]

2. TRUSTS (§ 59*)—REVOCATION—"PERSON BENEFICIALLY INTERESTED."

The creator of a trust in personalty, whereby she grants to trustees her estate to receive the income and pay the same to her for life and deliver the corpus to persons as she may designate by will, is the only person beneficially interested in the trust within Personal Property Law (Consol. Laws 1909, c. 41) § 23, declaring that, on the written consent of all the persons beneficially interested in a trust, the creator may revoke it in whole or in part, and she may revoke the trust in part.

[Ed. Note.—For other cases, see Trusts, Cent. Dig. §§ 78–81; Dec. Dig. § 59.*]

Submission of controversy on an agreed statement of facts by Ida Harriet Sperry against the Farmers' Loan & Trust Company and another, individually and as surviving trustee under a deed of trust made by Ida Harriet Sperry. Judgment for plaintiff.

On or about October 28, 1902, the plaintiff was the owner of an undivided interest in the estate of Hosea B. Perkins, deceased, and while such owner executed a document, denominated a deed of trust, which she delivered to

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Ethan Allen, Frederick P. Sperry, and the Farmers' Loan & Trust Company, therein designated as "trustees."

By this document plaintiff granted to said trustees all the property "real and personal to her bequeathed by said Hosea B. Perkins."

At the time this instrument was executed and delivered, the interest of plaintiff in the estate of said Hosea B. Perkins, deceased, was an undivided interest of the value of at least $48,000 in certain real estate, and an undivided interest of the value of at least $2,000 in certain personal property of which said Perkins had died seised and possessed. The will of said Perkins contained a clause authorizing his executors to sell all or any part of his real property. Acting under this power, the executors converted into cash all of the undivided interest of the plaintiff in the estate, both real and personal, of said Perkins, and paid over the proceeds, amounting in all to $51,645.55, to the trustees named in the above-mentioned deed of trust.

Ethan Allen, one of the trustees named, has died, and defendants, the sole surviving trustees, now hold, under the said deed of trust personal property, to wit, bonds and mortgages to the value of $33,000, and cash in the sum of $158.87, as well as certain real estate now used by plaintiff as a residence and purchased by defendants as trustees pursuant to one of the provisions of the deed of trust, of the value of not less than $16,500.

The trust agreement, or "deed of trust" as we have termed it for convenience, conveyed the property described therein to the trustees named upon two trusts and a power in trust. The two trusts were: First, to pay any and all debts of the plaintiff which had accrued prior to the execution of the agreement. This trust had been fully executed; all of said debts having been paid. Secondly, to receive all the rents, issues, and profits of the assigned estate, and to pay the same, less the trustees' charges and expenses, to the plaintiff for her natural life. The power in trust was to transfer and convey the principal of said estate, and the balance of the income remaining in their hands, upon the death of the plaintiff, "to such person or persons and in such manner as may be designated in the last will and testament" of said plaintiff.

The plaintiff, claiming to be the sole beneficiary of the trust created by said deed of trust, has served upon the surviving trustees, defendants herein, a notice that, "pursuant to section 23 of the Personal Property Law (Consol. Laws 1909, c. 41) and other statutes made and provided, I do hereby revoke the said trust created by the said deed of trust to the extent of ten thousand dollars of such personal property, and as such beneficiary I hereby consent to such revocation and I accordingly require of the said trustees that they forthwith deliver to me, free from said trust, bonds and mortgages or other similar personal securities or cash of the amount and value of ten thousand dollars." The trustees have declined to accede to such request, and have refused, and still refuse, to deliver over to plaintiff any part of the principal of the trust fund aforesaid, and still retain the entire principal thereof.

Argued before INGRAHAM, P. J., and McLAUGHLIN, CLARKE, SCOTT, and DOWLING, JJ.

Clarence De Witt Rogers, of New York City, for plaintiff.

Frederick Geller, of New York City, for defendants.

SCOTT, J. [1] We entertain no doubt that the corpus of the trust fund in the hands of the trustees, excepting the house occupied by plaintiff, is in contemplation of law personal property. It is true, as stated in the submission, that when the deed of trust was executed plaintiff's undivided interest in the estate of Hosea B. Perkins, deceased, was represented mainly by real estate; but the action of the executors in converting his realty into cash operated as a legal as well as an actual conversion, so that what was paid over to the trustees

was, when it came into their hands, personal property, and, except as to the amount invested in the house, so remains. As the plaintiff seeks to release from the trust only a part of the personal property so held, we are justified in treating the questions raised by the submission only with reference to a trust of personal property.

[2] Section 23 of the Personal Property Law reads as follows:

"Sec. 23. Upon the written consent of all the persons beneficially interested in a trust in personal property or any part thereof heretofore or hereafter created, the creator of such trust may revoke the, same as to the whole or such part thereof, and thereupon the estate of the trustee shall cease in the whole or such part thereof."

Although this section was enacted after the creation of the trust now under consideration (Laws 1909, c. 247), it is by its terms expressly made retroactive. It is clear that the plaintiff is a person "beneficially interested" in the trust, and the question we have to consider is whether any other person is also beneficially interested within the meaning of the statute. If no other person is so interested, and the plaintiff is the only person interested, her consent alone is necessary to the revocation of the trust.

There certainly is no other person now in existence, or who can now be identified, who is so interested either presently or in future. Under the terms of the deed of trust the corpus of the trust estate is to go, at plaintiff's death, to the appointee or appointees named in her last will. Until she dies therefore, leaving a last will, the person or persons to receive the property after her death must remain unknown and legally nonexistent. The deed makes no provision as to the disposition of the estate in case the plaintiff fails to designate the person or persons to take it after her death. Of course, in such an event the property would go, by operation of law, to her heirs or next of kin; but they would take by descent and not by purchase— by virtue of their relationship to the plaintiff, and not by virtue of or under any provision of the deed of trust. There is therefore no person now existent and who can be identified, save the plaintiff, who can in any proper sense be termed a beneficiary under the deed of trust, because there is no person who can claim to be entitled, after plaintiff's death, to receive the fund under the terms of the trust, nor can there ever be such person except by the voluntary act of the plaintiff in making an appointment by her last will.

In this respect the trust under consideration differs radically from that considered in Genet v. Hunt, 113 N. Y. 158, 21 N. E. 91. In that case, as in this, there was a conveyance to trustees of property which they were to hold during the joint lives of the creator of the trust and her husband, paying the income over to her or him, and at the death of the survivor were to convey and pay over the corpus of the trust estate to her appointees named in her last will and testament. The case differed from the present, however, in that the trust deed also provided that, in default of an appointment, the trustees were directed to pay over and convey the corpus of the estate "unto such person or persons living at the death of the said party of the first part (the creator of the trust) and being her heir or heirs at

law would be entitled to take the same by descent from her." It was held that the remaindermen, in case the creator of the trust failed to make a valid appointment, would take under the trust deed—by purchase and not by descent, notwithstanding they might be, although not necessarily so, the same persons who would have taken in case both of intestacy and of a failure to make a valid appointment. In other words, the deed of trust itself pointed out persons who would inevitably become entitled to the property at the death of the creator of the trust despite anything she might do or might omit to do. It was in view of this feature of the trust deed that it was remarked, in Hoskin v. Long Island Loan & Trust Co., 139 App. Div. 258–261, 123 N. Y. Supp. 994, affirmed on opinion below 203 N. Y. 588, 96 N. E. 1116, that the question at issue in Genet v. Hunt was whether Mrs. Riggs, the creator of the trust, had reserved to herself an absolute jus disponendi or only a power of appointment. It was held that she had reserved only the latter, because she had specifically provided against every contingency, and had pointed out who should take the corpus of the estate in case no appointment was made. She had thus created rights in the remainder which she was powerless by action or nonaction to destroy.

The exact contrary is the case here. No one is entitled to be appointed to receive the corpus, and no one ever can receive it under the terms of the trust deed unless the plaintiff of her own free will elects to appoint them to be the recipients. She certainly can renounce the power to do that which she is under no compulsion ever to do, and, if she renounces the trust as to the $10,000 which she now seeks to withdraw from its operation, she will have renounced, as to the sum so withdrawn, the power to appoint a person or persons to receive it after her death. As to those who might become entitled to receive the corpus in default of an appointment they will take, as has already been said, not at all under the trust deed, but directly from the plaintiff by virtue of their relationship to her. In this respect the trust under consideration is much like that considered in Hoskin v. Long Island Loan & Trust Co., supra. We are therefore of the opinion that the case is brought directly within the terms of the statute above quoted. Having thus concluded, it is unnecessary to discuss the other questions argued upon the briefs as to the effect of other statutes, and as to the title to the real estate held by the trustees.

It follows that the plaintiff is entitled to judgment as prayed for in the submission, with costs and disbursements payable out of the trust estate. All concur.