## CRACKANTHORPE v. SICKLES.

(Supreme Court, Appellate Division, First Department. May 2, 1913.)

**1. DEEDS (§ 133\*)—TRUSTS (§ 59\*)—TRUST DEED—CONSTRUCTION—RIGHTS OF REMAINDERMEN—"BENEFICIALLY INTERESTED."**

Plaintiff executed a trust deed of personal property, conveying such property to a trustee to manage, invest, and pay the income to plaintiff for life, and after her death to distribute it among such persons as she should designate by will, and in case of her death intestate to divide the property equally among her lawful issue surviving her, and in case she died intestate and without issue to certain others. *Held,* that the deed vested an equitable estate in plaintiff, with a general power of appointment by will to any person or persons whom she might designate, and in default of an appointment remainder to her lawful issue surviving, so that on the birth of each child of plaintiff a vested remainder was created, subject to open and let in after-born children, and to be divested by the death of such child without issue before plaintiff's death, or by plaintiff's exercising her power of appointment by will, which interest constituted the children "beneficially interested," within Personal Property Law (Consol. Laws 1909, c. 41) § 23, providing that the creator of a trust of personal property may revoke the same on the consent of all persons beneficially interested therein.

[Ed. Notes.—For other cases, see Deeds, Cent. Dig. §§ 368–371; Dec. Dig. § 133;\* Trusts, Cent. Dig. §§ 78–81; Dec. Dig. § 59.\*

For other definitions, see Words and Phrases, vol. 1, pp. 749, 750.]

**2. DEEDS (§ 133\*)—REMAINDERS—LIMITATION—POWER OF APPOINTMENT—DEFAULT IN EXERCISE.**

Estates in remainder, limited to take effect on default of the exercise of a power of appointment, are not prevented from vesting by the exercise of the power, but take effect in the same manner as if no power existed, subject to be divested by the exercise of the power.

[Ed. Note.—For other cases, see Deeds, Cent. Dig. §§ 368–371; Dec. Dig. § 133.\*]

**3. REMAINDERS (§ 14\*)—VESTED INTEREST—ALIENABILITY.**

A vested remainder, though subject to be divested by the exercise of a power of appointment, is an alienable interest.

[Ed. Note.—For other cases, see Remainders, Cent. Dig. § 10; Dec. Dig. § 14.\*]

Appeal from Special Term, New York County.

Action by Eda S. Crackanthorpe against Daniel E. Sickles. From an order sustaining a demurrer to the complaint, plaintiff appeals. Affirmed.

The opinion of Mr. Justice Page at Special Term is as follows:

This is an action to construe a deed of trust. The relief asked for is a decree that no person other than the plaintiff has any beneficial interest in the deed, and that an attempted revocation thereof by the plaintiff be declared valid and the defendant be directed to account and pay over the property covered by it to the plaintiff. It is alleged in the complaint that the plaintiff executed a deed of trust to the defendant, whereby certain personal property was conveyed to him in trust to manage and invest it and to pay the net income therefrom to the plaintiff during her life, and at and after her death to transfer and distribute the property among such persons as the plaintiff should designate by her last will and testament, and in case the plaintiff should die intestate to convey to and divide the property equally

---

\*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

among the lawful issue of the plaintiff which she may leave surviving her. There was another limitation over in case the plaintiff should die intestate and without issue. The complaint further states that the plaintiff has three children—Frank, George, and Ida Crackanthorpe—all of whom are infants under the age of 14 years. The plaintiff then concludes that she is the only person beneficially interested in the trust deed, and alleges that she revoked it by giving notice in writing to the trustee, and that she has demanded the property from him, and her demand has been refused. The defendant demurs to the complaint upon the ground that it does not state facts sufficient to constitute a cause of action, and the further ground of a defect of parties defendant.

Upon this admitted statement of facts the only issue of law raised by the pleadings is whether the plaintiff is the only person beneficially interested in the deed of trust within the meaning of section 23 of the Personal Property Law (Consol. Laws 1909, c. 41), which provides that the creator of a trust of personal property may revoke it upon the consent of all the persons beneficially interested therein, and whether she has the power to revoke the trust pursuant to this statute.

[1] It is claimed that the children of the plaintiff named in the complaint have a beneficial interest in the trust deed, which makes it irrevocable without their consent. It must therefore be determined just what the interest of these children is. The effect of the deed was to vest in the plaintiff an equitable life estate in the property, with a general power of appointment by will to any person or persons whom she might designate. In default of an appointment of successors to the property pursuant to the power, the deed created a remainder to the lawful issue of the plaintiff who should survive her.

[2] It is a well-established rule, both of the common law and by statute, in this state that estates in remainder which are limited to take effect upon default in the exercise of a power of appointment are not prevented from vesting by the existence of the power, but take effect in the same manner as if no power existed, subject, however, to be divested by an exercise of the power. Root v. Stuyvesant, 18 Wend. 257; Matter of Haggerty, 128 App. Div. 479, 112 N. Y. Supp. 1017; Real Property Law (Consol. Laws 1909, c. 50) § 41. The power of appointment in this case has not been exercised, and cannot be until the death of the plaintiff. We may therefore eliminate it from our consideration and turn to the next limitation in the deed, which states:

"And in case the said party of the first part [plaintiff] should die intestate and without leaving any such last will and testament, then (in trust) to convey, assign, divide, and distribute all the real and personal property covered by, included in or held under the trust hereby created equally among the lawful issue of the said party of the first part [the plaintiff] which she may leave surviving, such issue to take per stirpes and not per capita."

By virtue of this clause of the deed there sprung into being upon the birth of each child of the plaintiff a vested remainder, subject to open up and let in after-born children, and to be divested either by the death of such child without issue before the death of the plaintiff or by the plaintiff's exercising her power of appointment by will.

[3] It is needless to add that such an interest is alienable. Moore v. Littel, 41 N. Y. 66; Campbell v. Stokes, 142 N. Y. 23, 36 N. E. 811; Matter of Chapman, 133 App. Div. 337, 117 N. Y. Supp. 679; Shindler v. Robinson, 150 App. Div. 875, at page 881, 135 N. Y. Supp. 1056; New York Real Property Law, § 40. It follows, therefore, that the children of the plaintiff are persons beneficially interested in the deed of trust, and it cannot be revoked without their consent. They are also necessary parties defendant.

The demurrer is sustained, with $10 cost of this motion.

Argued before INGRAHAM, P. J., and McLAUGHLIN, LAUGHLIN, CLARKE, SCOTT, HOTCHKISS, and DOWLING, JJ.

A. Stickney, of New York City, for appellant.
D. P. Hays, of New York City, for respondent.

PER CURIAM.   Order affirmed, with $10 costs and disbursements, on opinion of Page, J.   Order filed.

---

(156 App. Div. 541.)

### WEINSTEIN et al. v. CITY OF NEW YORK.

(Supreme Court, Appellate Division, First Department.   May 2, 1913.)

1. MUNICIPAL CORPORATIONS (§ 741*)—CLAIMS—INTENTION TO SUE—NOTICE OF CLAIM.

 Greater New York Charter (Laws 1901, c. 466) § 261, as amended by Laws 1907, c. 677, provides that no action against the city for injuries to property may be maintained unless notice of intention to sue shall have been filed with the comptroller of the city within six months after the cause of action shall have accrued.   *Held*, that where a claim for injuries to property by the breaking of a water pipe was duly served and filed, and complied with the statute in every respect, except that it did not in terms state that plaintiffs intended to sue, and after receiving it the comptroller numbered it and gave plaintiffs notice to appear and be examined touching the merits thereof, it constituted a substantial compliance with the statute, and was sufficient to sustain an action against the city.

 [Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. § 1562; Dec. Dig. § 741.*]

2. MUNICIPAL CORPORATIONS (§ 741*)—CLAIMS—INTENTION TO SUE.

 Where a notice of claim against the city of New York did not in terms state that plaintiffs intended to sue, a subsequent notice, served on the corporation counsel, giving notice of such intention, did not cure the defect in the original notice, if otherwise insufficient, but did show that the city had notice and could not have been prejudiced by any informality in the original notice.

 [Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. § 1562; Dec. Dig. § 741.*]

Appeal from Appellate Term, First Department.

Action by Nathan Weinstein and another against the City of New York.   From a determination of the Appellate Term, affirming a judgment dismissing the complaint, plaintiffs appeal.   Reversed, and new trial granted, with costs to abide the event.

Argued before INGRAHAM, P. J., and CLARKE, SCOTT, DOWLING, and HOTCHKISS, JJ.

Milton Diamond, of New York City, for appellants.
William E. C. Mayer, of Brooklyn, for respondent.

SCOTT, J.   This appeal presents but a single question which requires consideration.   The action is for damages to personal property, caused by the breaking of a water pipe, and consequent flooding of plaintiffs' premises.   The complaint was dismissed for the supposed insufficiency of a notice of claim filed with the comptroller.

[1] Section 251 of the Greater New York Charter (Laws 1901, c.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes