(87 Misc. Rep. 130)

GOODWIN v. BROADWAY TRUST CO.

(Supreme Court, Special Term, Kings County.   October, 1914.)

TRUSTS (§ 59*)—RIGHT TO REVOKE—TRUST IN PERSONALTY.

   Where a trust deed gave money to a trust company, in trust to invest same and pay the net income to the settlor for life, and on her death to pay the capital and remaining income, if any, to such party as she should direct by her will, or in default thereof to her next of kin and her husband, if he survived, the settlor, being the only person having a beneficial interest in the trust, had a right to revoke the trust, under Personal Property Law (Consol. Laws, c. 41) § 23, added by Laws 1909, c. 247, authorizing the revocation of trusts on the consent of all persons interested.

   [Ed. Note.—For other cases, see Trusts, Cent. Dig. §§ 78–81; Dec. Dig. § 59.*]

Action by Annie S. Goodwin against the Broadway Trust Company, into which the Flatbush Trust Company has been merged. On motion for judgment on the pleadings. Granted.

James Taylor, of Brooklyn, for plaintiff.
John Z. Lott, of Brooklyn, for defendant.

JAYCOX, J.   The plaintiff on the 29th day of February, 1904, delivered to the Flatbush Trust Company the sum of $45,000, and executed with the Flatbush Trust Company a trust deed, under and by virtue of which the said trust company was—

"to have and to hold the same  *  *  *  as trustee, in trust to invest and keep invested the same, with power to call in and change the investments thereof from time to time and to collect and receive the income thereof and after paying thereout all lawful expenses and charges to apply the net income from the said trust estate arising to the use of the party of the first part during the natural life, but not by way of anticipation; and, upon death of the said party of the first part, to convey, transfer, deliver and pay over the capital of such trust estate, as it shall then exist, with all gains and increase of capital thereof, if any, as the said party of the first part shall by her will direct and appoint; or, in default of such direction or appointment, or in so far as such direction or appointment may not extend or be effectual, to such person or persons as, by and according to the laws of the state of New York then existing, would be entitled to the same as next of kin and husband of the said party of the first part, or as next of kin, if no husband survive, if the same were all personal estate and the said party of the first part should die a resident of the state of New York, possessed thereof in her own right, intestate."

The defendant accepted the trust. The plaintiff is ill, and finds the amount derived from the income upon said property insufficient for her support and maintenance, and desires to have paid over to her the sum of $4,000 from the capital of said trust. The defendant would be willing to acquiesce in the revocation as to the said sum, but questions its legal right to do so.

   The plaintiff claims the right to revoke this trust under section 23 of the Personal Property Law (Consol. Laws, c. 41; Laws 1909, c. 45, added by Laws 1909, c. 247), which reads as follows:

"For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes.

"Revocation of Trusts upon Consent of All Persons Interested.—Upon the written consent of all the persons beneficially interested in a trust in personal property or any part thereof heretofore or hereafter created, the creator of such trust may revoke the same as to the whole or such part thereof, and thereupon the estate of the trustee shall cease in the whole or such part thereof."

At the time said trust agreement was made there was no provision of law for the revocation of such a trust. Metcalfe v. Union Trust Co., 181 N. Y. 39–43, 73 N. E. 498. As the trust agreement contains no clause reserving to the plaintiff the power of revocation, the trust company, the defendant in this action, claims that the presumption arises that the intention of the plaintiff was to make an irrevocable trust. The plaintiff's complaint sets up the facts hereinbefore recited, and the defendant has demurred to the complaint, and the matter now comes before this court as a motion. It is admitted that the section quoted from the Personal Property Law is retroactive and that such retroactive provision is constitutional. Metcalfe v. Union Trust Co., 181 N. Y. 39–45, 73 N. E. 498; Hoskin v. Long Island Loan & Trust Co., 139 App. Div. 258, 123 N. Y. Supp. 994, affirmed 203 N. Y. 588, 96 N. E. 1116. The defendant urges that the trust is irrevocable and cites in favor of that contention Genet v. Hunt, 113 N. Y. 158, 21 N. E. 91, Sperry v. Farmers' Loan & Trust Co., 154 App. Div. 447, 139 N. Y. Supp. 192, and Hoskin v. Long Island Loan & Trust Co., supra.

The first case above cited, Genet v. Hunt, was decided before the passage of section 23 of the Personal Property Law. The other two cases were decided subsequently to the passage of said section. From each of the two last-mentioned cases the defendant excerpts a portion of the opinion which can be readily construed as asserting that a trust of the character involved in this action would be irrevocable, but in neither of those two cases did the court have before it for construction a trust of just this character. I think those cases must be viewed in the light of the question decided only. A judicial opinion, like evidence, is only binding so far as it is relevant, and when it wanders from the point at issue it no longer has force as an official utterance. Colonial Traction Co. v. Kingston City R. R. Co., 154 N. Y. 493, 48 N. E. 900. In each of the cases above mentioned, Sperry v. Farmers' Loan & Trust Co., and Hoskin v. Long Island Loan & Trust Co., it was held that the trust under consideration was revocable and that only the consent of the creator of the trust was necessary.

In Whittemore v. Equitable Trust Co., 162 App. Div. 607, 147 N. Y. Supp. 1058, a somewhat similar trust was under consideration. In that particular trust no power of appointment or disposition of the trust fund by will was reserved to the creator. She did, however, reserve to herself the right to use, with the consent of the trustee, any portion of the principal necessary for her support, and the trustee upon her death was directed "to distribute the principal of said trust fund then remaining undisposed of hereunder among her next of kin." It was held in that action that the brother and sister of the creator of the trust had no present interest in the trust fund. In discussing this subject it was there said:

"Moreover, a living person has no next of kin; and a possible interest as an heir or one of the next of kin of a living person is not descendible,. devisable, or assignable, and therefore there is no one who has even a contingent interest in the property as the next of kin of the settlor of the trust."

If the trust instrument is insufficient to create a beneficial interest in the relatives of the settlor, who would be her heirs at law and next of kin if she were to die at the present time, it seems to me it certainly cannot create a beneficial interest in any of the settlor's appointees, and therefore the instrument creates no beneficial interest in any person other than the settlor herself. Motion for judgment upon the pleadings is therefore granted, with $10 costs.

Motion granted, with $10 costs.