EMMA ELVIRA STELLA, Plaintiff, v. THE NEW YORK TRUST COMPANY, Defendant.

First Department, May 25, 1928.

*Robert W. Bernard* of counsel [*Wayland & Bernard*, attorneys], for the plaintiff.

*William St. John Tozer* of counsel [*White & Case*, attorneys], for the defendant.

MARTIN, J. By this action the plaintiff seeks a judgment revoking a trust agreement which provides that upon the death of the donor the trustee shall distribute as the donor shall, by will, appoint and, should there be no such appointment, " in the manner determined by the laws of the State of New York."

The trust property is exclusively personalty. It amounts to $15,000.

The agreement directs the trustee:

" *First.* To receive, hold, manage, sell, invest and reinvest the same and every part thereof, in the manner hereinafter specified,

and to collect, recover and receive the issues, interest, income and profits thereof and dividends thereon, hereinafter called ' Income,' and after deducting the commissions of the Trustee as hereinafter provided, and the proper and necessary expenses in connection with the administration of the trust, to pay said income in monthly installments of equal amount, or as nearly equal as possible, to the Donor, during the term of her life.

" *Second.* Upon the death of the Donor, the Trustee shall distribute the above granted and described property in whole or in part and/or pay over the said income thereon, as the Donor shall by her Last Will and Testament appoint, and in default of such appointment the Trustee shall deliver and pay over the above granted and described property in the manner determined by the laws of the State of New York."

The plaintiff is the only person in being who is beneficially interested in the trust. She bases her right to revoke the trust upon the provisions of section 23 of the Personal Property Law (as added by Laws of 1909, chap. 247).

" § 23. Revocation of trusts upon consent of all persons interested. Upon the written consent of all the persons beneficially interested in a trust in personal property or any part thereof heretofore or hereafter created, the creator of such trust may revoke the same as to the whole or such part thereof, and thereupon the estate of the trustee shall cease in the whole or such part thereof."

It is conceded that if the instrument had provided for succession by the next of kin it would be revocable by plaintiff. It is asserted that because it is provided that after the death of the donor the corpus should be distributed " in the manner determined by the laws of the State of New York " a class of persons has been designated whose consent is essential to the revocation of the trust.

In *Cram* v. *Walker* (173 App. Div. 804) this court, by PAGE, J., said: " * * * that a trust in personal property is revocable by the creator thereof upon the consent of all persons *in being* who are beneficially interested therein, and if there be no other person in being who has either a vested or contingent interest in the trust, such revocation is effectual."

In *Goodwin* v. *Broadway Trust Co.* (87 Misc. 130) Mr. Justice JAYCOX, after pointing out that certain cases decided before the adoption of section 23 of the Personal Property Law are no longer in point, says: " In *Whittemore* v. *Equitable Trust Co.*, 162 App. Div. 607, a somewhat similar trust was under consideration. In that particular trust no power of appointment or disposition of the trust fund by will was reserved to the creator. She did, however, reserve to herself the right to use, with the consent of the trustee,

any portion of the principal necessary for her support, and the trustee upon her death was directed ' to distribute the principal of said trust fund then remaining undisposed of hereunder among her next of kin.' It was held in that action that the brother and sister of the creator of the trust had no present interest in the trust fund. In discussing this subject it was there said: ' Moreover, a living person has no next of kin, and a possible interest as an heir or one of the next of kin of a living person is not descendible, devisable or assignable, and therefore there is no one who has even a contingent interest in the property as the next of kin of the settlor of the trust.' If the trust instrument is insufficient to create a beneficial interest in the relatives of the settlor who would be her heirs at law and next of kin if she were to die at the present time, it seems to me it certainly cannot create a beneficial interest in any of the settlor's appointees, and therefore the instrument creates no beneficial interest in any person other than the settlor herself."

In *Schwartz* v. *Fulton Trust Co. of New York* (119 Misc. 831) Mr. Justice McAvoy very clearly points out the distinction between a revocable and an irrevocable trust. Here no interest is vested in any one and the settlor has a right to revoke.

Judgment should be directed for plaintiff, with costs.

Dowling, P. J., Merrell, Finch and O'Malley, JJ., concur.

Judgment directed for plaintiff, with costs. Settle order on notice.