CARLOTA CAGLIARDI, Plaintiff, *v.* BANK OF NEW YORK AND TRUST COMPANY, Defendant.

First Department, June 23, 1930.

*Alexander T. Hussey,* for the plaintiff.

*Richard S. Emmet* of counsel [*Emmet, Marvin & Martin,* attorneys], for the defendant.

McAVOY, J. On May 29, 1929, Carlota Cagliardi, the plaintiff, executed and delivered to the Bank of New York and Trust Company, the defendant herein, as trustee, a trust indenture, dealing with personal property. She delivered to the defendant $100,000, and defendant now holds the trust property as trustee under the terms of the said trust agreement.

This agreement provides that the trustee is to invest the $100,000, to collect and receive the rents, profits, issues and income therefrom, and after deducting expenses and commissions, to pay over and apply the net income to the plaintiff, without power of anticipation by her by pledge, assignment or otherwise during the term of

her natural life, except that when she shall reach the age of forty-two years, she may withdraw from the trust fund an amount in cash or securities not exceeding the sum of $25,000, and except that when she shall reach the age of fifty-two years, she may withdraw from the corpus of the trust the entire balance remaining.

Further provision is made that if she should assign, pledge or otherwise incumber the principal of the trust or the income thereof at any time prior to reaching the age of fifty-two years, then and in that event the trust shall not terminate until the death of the plaintiff. Upon the death of the plaintiff the trust is to terminate, and the trustee is directed to assign, transfer and pay over the balance of the principal of said trust, and any income which may remain unpaid at the time of the death of the plaintiff, to such persons, and in such shares and proportions as the plaintiff may direct and appoint in and by her last will and testament, and, in default of such appointment, to those persons who at the time of her death shall be her next of kin under the intestate laws of the State of New York.

The plaintiff, the creator of the trust, is desirous of terminating and revoking said trust.

On May 16, 1930, plaintiff delivered to the defendant a deed of revocation of the trust, together with a consent to such revocation executed by plaintiff's mother, Medora Cagliardi. The defendant refused to recognize the instrument of revocation and consent as sufficiently effective to revoke the trust.

If the plaintiff herein were to die at this time, her only next of kin is her mother, Medora Cagliardi, the person who executed the consent to the revocation of the trust. Her only other identified living relatives are an aunt, an uncle and two cousins, children of the uncle, all of whom are over the age of twenty-one years.

The question involved is whether the trust has been terminated in accordance with the provisions of and within the meaning of section 23 of the Personal Property Law (as added by Laws of 1909, chap. 247), which reads: " Upon the written consent of all the persons beneficially interested in a trust in personal property or any part thereof heretofore or hereafter created, the creator of such trust may revoke the same as to the whole or such part thereof, and thereupon the estate of the trustee shall cease in the whole or such part thereof."

We do not think the creator of the trust contemplated creating a remainder in her intestate successors, the next of kin. Rather does the instrument effect a reversion which would leave the right of revocation intact. The settlor reserves to herself the right of

assignment and pledge of both the principal and income. The language of the instrument of trust indicates that the creator intended that the property of the trust should remain in her as a reversion to be disposed of in any way she deemed fit. There was thus a limitation, not a gift.

The defendant contends that plaintiff's mother is not the only person in being who is beneficially interested in the trust, and refers to plaintiff's aunt, uncle and two cousins now living, who have not consented to the revocation, and argues that said living kin are beneficially interested in the trust.

The direction to the trustee by plaintiff that, in default of such appointment by a last will and testament, those persons who at the time of her death shall be her next of kin under the intestate laws of the State of New York shall take, is nothing more than the law would impose in case of intestacy.

" No one is heir to the living; and seldom do the living mean to forego the power of disposition during life by the direction that upon death there shall be a transfer to their heirs." (*Doctor* v. *Hughes*, 225 N. Y. 305.)

In *Whittemore* v. *Equitable Trust Company* (250 N. Y. 298), where an indenture of trust was construed as conferring a remainder, the state of facts was entirely dissimilar to the agreed facts submitted on this controversy. The court there merely decided that all the parties in interest did not and could not consent, because interests appeared to belong to infants who were incapable of giving their consent.

The creator of the trust now here reserves to herself the right of assignment and pledge of both the principal and income. We hold that nobody but the settlor is beneficially interested. But if the trust indenture were construed as a gift, the only person interested, Medora Cagliardi, the mother of the creator, has consented to the revocation of the trust.

The revocation is good, and judgment should be directed for plaintiff, without costs.

FINCH, MERRELL, O'MALLEY and SHERMAN, JJ., concur.

Judgment directed in favor of plaintiff, without costs. Settle order on notice.