EDSALL J. HAMMOND, Plaintiff, *v.* CHEMUNG CANAL TRUST COMPANY, Defendant.

Supreme Court, Chemung County, July 23, 1931.

*Emory Rockwell*, for the plaintiff.

*Stanchfield, Collin, Lovell & Sayles* [*Piere W. Evans* of counsel], for the defendant.

PERSONIUS, J.   On May 3, 1927, the plaintiff deposited with the defendant $30,000 under a trust agreement which provided for the payment of the income to the plaintiff for life and of the principal, upon the plaintiff's death, to such persons as he should name in his will, and if he should die intestate, to his next of kin. This action is brought to revoke the trust under section 23 of the Personal Property Law, which provides for the revocation of a trust by the creator thereof upon the written consent of all the persons " beneficially interested " therein.   The complaint alleges that there are no persons beneficially interested and, therefore, no persons whose written consent to the revocation is necessary. However, it was conceded upon the argument and is admitted by the written stipulation of the plaintiff, that he has a daughter, mother, four brothers and three sisters living, of full age, and competent.   The stipulation also provides that such admission be considered on this motion as though the admitted facts were alleged in the amended complaint.   It is not alleged that the consents of any said parties have been obtained and in fact they have not. The question here is whether the plaintiff's daughter and/or his mother, brothers and sisters are " persons beneficially interested " in the trust, whose consent to the revocation thereof is necessary under section 23.   We think they are.   (*Whittemore* v. *Equitable Trust Co.*, 250 N. Y. 298; *Crackanthorpe* v. *Sickles*, 156 App. Div. 753; cited with approval, 250 N. Y. 303; *Court* v. *Bankers' Trust Co.*, 160 N. Y. Supp. 477; affd., 172 App. Div. 955; 221 N. Y. 608; *Corbett* v. *Bank, etc.*, 229 id. 570.)

Since the adoption of section 23 in 1909 (Laws of 1909, chap. 247), there has been lack of harmony in the decisions, some of which seem to support plaintiff's contention here.   Where the creator of the trust, hereinafter called the " settlor," has reserved to himself the power to direct the disposition of the principal by his will, with remainder, in case of intestacy, to his next of kin, the trusts have been revoked without the consent of such next of kin.   (*Stella* v. *N. Y. Trust Co.*, 224 App. Div. 50; *Cruger* v. *Union Trust Co.*, 173 id. 797; *Sperry* v. *Farmers' L. & T. Co.*, 154 id. 447; *Goodwin* v. *Broadway Trust Co.*, 87 Misc. 130.)   But the contrary was held in

*Crackanthorpe* v. *Sickles* (*supra*) and *Court* v. *Bankers' Trust Co.* (*supra*). Where the settlor has reserved no power to will but has provided that the remainder should go to his children or next of kin, the trust has been held irrevocable. (*Williams* v. *Sage*, 180 App. Div. 1; *Gage* v. *Irving Bank & Trust Co.*, 222 id. 92; affd., 248 N. Y. 554.) A trust was also revoked where the settlor reserved the right to use the principal, if necessary, with remainder, if any, to her next of kin. (*Whittemore* v. *Equitable Trust Co.*, 162 App. Div. 607.) But such effect of a similar reservation was questioned in *McKnight* v. *Bank of N. Y.* (254 N. Y. 417, 420).

The plaintiff urges that the test of the existence of a beneficial interest is that laid down in *Robinson* v. *New York, etc., Co.* (75 Misc. 362), where SEABURY, J., stated that an interest which was not " descendible, devisable or alienable " was not a beneficial interest and that " if the interest which one has in a trust estate possesses *none* of these attributes it cannot be said to be a beneficial interest." The plaintiff argues that the interest of his daughter and/or mother, brothers and sisters is not descendible, devisable or alienable and, therefore, not a beneficial interest, but such an interest was expressly said to be " alienable " in *Whittemore* v. *Equitable Trust Co.* (*supra*).

Whatever uncertainty existed, seems to have been clarified by the Court of Appeals in *Whittemore* v. *Equitable Trust Co.* (*supra*). The test there established is the *intent* of the settlor, the court saying: " This is all a matter of intention * * *. To determine, therefore, whether the settlor of the trust * * * simply created a life interest and nothing more, reserving to himself the balance of the interest in the property, *we look to his intention, as expressed in the instrument.*" In that case three settlors established a trust fund with two life beneficiaries. Each settlor provided (1) that in the event of his death before the life beneficiaries, the trustee should pay his share of the principal as directed by his will; (2) that if he left no will, the trustee should pay it to the persons who would take under the Statute of Distributions, that is, to his next of kin; (3) he made no provision for paying the principal to his grantee or assignee; (4) he made full and formal disposition of the principal of the trust estate; (5) he reserved power of disposition " only by will." The settlors and the sole surviving life beneficiary consented to the revocation, but some of the settlors had children who were infants and could not consent. In the event of the death of a settlor before the life beneficiary, these children would take that settlor's share in the principal, subject to the disposition of such share by such deceased settlor's will. The interest of these children, in the words of the court, could not be

" conveyed away " by the settlor in his lifetime but " could only be divested or cut off by a last will and testament   *   *   *   Such an uncertain or variable interest of the next of kin is *alienable.*" The trust was held irrevocable.

In the present case the settlor (plaintiff) provided for the payment of the income to himself as life beneficiary and that upon his death, the trustee should pay the principal (1) as directed by his will, and (2) if he left no will, the trustee should pay the principal to his next of kin, that is, those who would take under the Statute of Distributions; (3) no provision was made for paying the principal to any grantee or assignee of the settlor, in fact he expressly provided (though this provision is not controlling) that the trust was irrevocable and expressly surrendered " all right and power to amend, modify or revoke " the trust during his lifetime.  He not only expressed an intent that the agreement should be irrevocable but he did that which was necessary in law to make it irrevocable, viz., he created beneficial interests in remainder which could be cut off only by his will; (4) he made a full and formal disposition of the principal; he provided for every contingency and in no event can there be any uncertainty upon his death as to who will take the principal.  His daughter will take, if living, otherwise his other next of kin; (5) he reserved only the power of disposition by will.

We think that his intention as expressed by the trust agreement was to entirely divest himself of any power or control over the principal except by his will and that his next of kin are beneficially interested in the trust and their consents therefore, necessary to its revocation.

The *Whittemore* case is distinguishable from the present case in only two respects; in that case, if any settlor survived the life beneficiaries, the principal reverted to the settlor.  In this respect, the settlors in the *Whittemore* case reserved more power and control than in the present case.  In the present case, the settlor is himself the life beneficiary, while in the *Whittemore* case, parties other than the settlors were the life beneficiaries.  We do not see that this is material.  In the cases cited in the *Whittemore* case, the settlor was himself the life beneficiary.  (*Crackanthorpe* v. *Sickles, supra,* and *Court* v. *Bankers, supra*).

Motion to dismiss complaint is granted.