TRUST—MERGER IN REMAINDER—MAN—DETERMINATION OF INTEREST.

    A beneficiary of a trust for the receipt of the income of personal property, entitled to a remainder in the principal fund, subject to his beneficial interest, is entitled, under Laws 1897, c. 417, § 3, to determine the trust and obtain possession of the property, by releasing his interest in the income.

In the matter of the judicial settlement of the account of Calvin F. Barber, executor. Decree of settlement.

James and Thomas H. Troy, for executor.
William D. Veeder, for objector.

ABBOTT, S. The estate vested in the trustee is limited to the period of the life of Frank J. Dwyer, and, in the discretion of the trustee, may be sooner terminated. The remainder is undisposed of by the will, and vested at once in the testator's only next of kin, Frank J. Dwyer. Thus the conditions prescribed by section 3 of the personal property law (Laws 1897, c. 417) are all fulfilled. We have a beneficiary of a trust for the receipt of the income of personal property, who is entitled to a remainder in the principal fund, subject to his beneficial estate for life or a shorter term. The statute provides that under these circumstances the beneficiary may release his interest in the income, and thereupon the estate of the trustee shall cease, and the trust estate merges in the remainder. The release prescribed by the statute has been executed, and the trust estate has merged in the remainder. I fully appreciate the force of the argument of the learned counsel for the trustee as to the extreme undesirability of turning over the principal fund to the beneficiary. I have no discretion in the matter, however. The beneficiary has executed a proper release, in consequence of which the trust estate has already merged in the remainder.

Decree may be presented in accordance herewith on two days' notice. Decreed accordingly.