RAYMOND v. HARRIS et al.

(Supreme Court, Appellate Division, Second Department. June 5, 1903.)

1. EXPRESS TRUSTS—RIGHTS OF BENEFICIARY—ASSIGNABILITY.

Real Property Law, Laws 1896, p. 572, c. 547, § 80, providing that an express trust shall vest in the trustee the legal estate, subject only to the execution of the trust, and that the beneficiary may enforce the performance of the trust; and section 83, declaring that the right of the beneficiary of the express trust to receive rents and profits of real property cannot be transferred by assignment or otherwise—do not prevent the beneficiary in a trust created by a debtor for his own benefit from disposing of his equitable right to enforce the trust.

2. SAME—MORTGAGE—DESCRIPTION.

The beneficiary of a trust created by herself in the rents and profits of realty gave a bond and mortgage in the ordinary form describing the premises subject to the trust by metes and bounds, and not relating in terms to her interest as beneficiary of the trust. *Held*, that in an equitable suit to foreclose the mortgage the rights of the mortgagee would be deemed superior to those of subsequent judgment creditors of the mortgagor.

Appeal from Special Term, Kings County.

Action by Charles A. Raymond against Laura A. Harris and others. After a judgment in foreclosure for plaintiff, the defendant Nancy D. Raymond appeals from an order awarding distribution of the surplus moneys. Modified.

Argued before GOODRICH, P. J., and BARTLETT, JENKS, WOODWARD, and HOOKER, JJ.

Samuel Keeler, for appellant.

Frederick S. Barnum, for respondents Wm. H. I. Howe, as trustee, and Mabel Bedient. .

Arthur M. Johnson, for respondent Isaac N. Mills.

Wilson Brown, Jr., in pro. per.

GOODRICH, P. J. In 1889, Laura A. Harris, being the owner of certain real estate in the county of Westchester, conveyed the same to Odle Close "upon trust to receive the issues, rents, and profits of the said premises, and apply the same to the use of said Laura A. Harris during the term of her natural life, and after the death of the said Laura A. Harris to convey the same by deed to her children." At that time there was a mortgage of $500 on the premises, which was foreclosed in 1900, and on the sale under the judgment there remained a surplus of $4,078.30. A reference was had to determine to whom the surplus should be distributed. In 1898, Mrs. Harris executed a bond and mortgage for $1,000 to Aaron B. Whitlock, which was subsequently assigned to Charles A. Raymond. In 1900 three judgments were recovered against Mrs. Harris, aggregating $718.40. Her life interest in the surplus, as stated in the order, is $1,578.71, and the order directs the payment first of the three judgments and the costs of the reference, and the remainder to Mr. Harris, who was substituted as trustee of Mrs. Harris in place of Mr. Close, deceased. None of the parties except the holder of the mortgage has appealed.

Our decision must rest upon the question whether the mortgage of Mrs. Harris to Whitlock covered her life interest in the rent of

the premises. The mortgage was in the ordinary form, which she might have used if she had been the owner of the fee. It described the premises by metes and bounds, and did not in terms relate to her life interest in the rents. Section 80 of the real property law (chapter 547, p. 572, Laws 1896)ʹ reads as follows:

"Trustee of express trust to have whole estate.—Except as otherwise prescribed in this chapter, an express trust, valid as such in its creation, shall vest in the trustee the legal estate, subject only to the execution of the trust, and the beneficiary shall not take any legal estate or interest in the property, but may enforce the performance of the trust."

Section 83 (page 572) in part reads:

"What trust interest may be alienated.—The right of a beneficiary of an express trust to receive rents and profits of real property and apply them to the use of any person, can not be transferred by assignment or otherwise."

Section 80 corresponded with section 60 of 1 Rev. St. (2d Ed.) marg. p. 729, and section 83 with section 63.

In Schenck v. Barnes, 156 N. Y. 316, 50 N. E. 967, 41 L. R. A. 395, it was held that "a trust created by a debtor, and under which he is the beneficiary, is not affected by the provisions of the Revised Statutes (1 Rev. St. [2d Ed.] marg. p. 730, § 63), which prohibits a person beneficially interested in a trust for the receipt of the rents and profits of the lands from assigning or disposing of the same," differing in this respect from trusts created by third parties. In Brown v. Wadsworth, 168 N. Y. 225, 61 N. E. 250, where the trust deed was similar to the one before us, the court held that:

"Mrs. Russ [whose interest in the premises was similar to that of Mrs. Harris in the case at bar] had an equitable estate for life, and her right heirs took as purchasers the remainder in freehold. * * * The legal estate remains in the trustees, subject to the trust, and the cestui que trust for life has only an equitable estate."

As Mrs. Harris had this equitable estate for life, she could have mortgaged that interest, and the only question is whether the mortgage to Whitlock should have the same result although it purports to mortgage the land, and not the rents. The bond and mortgage recite the indebtedness of Mrs. Harris to the mortgagee in the sum of $1,000, and as there is no evidence to the contrary, we must assume that there was a valid consideration to that extent. The mortgage was duly recorded, and was assigned to Mr. Raymond, and the assignment also was recorded in 1899. There is no question that at the time Mrs. Harris executed the mortgage she could have alienated her life interest in the rents for a valuable consideration, or that she could have enforced the performance of the trust. No evidence appears that she was then insolvent. It is difficult to see why, if she had an equitable estate for life, which she could convey or mortgage, equity should not enforce her mortgage just as if she had given a mortgage upon her interest in the rents. No question of innocent purchasers is involved. The other claimants are judgment creditors, who acquired their liens two years subsequent to the mortgage. It is true that the mortgage purports to cover real estate of which Mrs. Harris did not have the legal title, but a bond accompanied the mortgage, and by its terms Mrs. Harris became bound for the debt. In other words, the holder of the bond and mortgage was a subsequent

creditor of Mrs. Harris. And in the Schenck Case (although it was brought by a judgment creditor) the court said broadly that it would be a startling and revolutionary doctrine to hold that this reserved interest could not be reached by the plaintiff as a creditor, that a right to enforce is a chose in action, and that personal property in the hands of the beneficiary was liable in equity for his debts. As the foreclosure suit was in equity, so, also, are the proceedings to distribute the surplus. Hence we may apply equitable rules in reaching our decision. The life interest of Mrs. Harris is not sufficient to pay both mortgage and judgments, and it is equitable that these debts should be paid in the order of their creation.

The order should be modified, and the proceedings remitted to the special term, with directions to provide for the payment out of the life estate of Mrs. Harris of the appellant's mortgage and interest, with costs of this appeal to the appellant. All concur.