### GARRETT v. DUCLOS et al.

(Supreme Court, Appellate Division, First Department. November 6, 1908.)

1. POWERS (§ 18*)—CONSTRUCTION—INTEREST OF CESTUI QUE TRUST—RIGHT TO REMAINDER.

Where personal property was given in trust, the income to be divided between two beneficiaries while they both lived, and after one's death the whole income to be paid to the survivor, and at her death the principal to be paid as directed by the survivor during her lifetime or by will, the beneficiaries took life estates, with a power of appointment in the survivor to dispose of the remainder, which power could only be exercised after the death of one of them, to take effect at the survivor's death, and could not be exercised in advance by either in favor of the other, so as to vest either or both with the remainder.

[Ed. Note.—For other cases, see Powers, Dec. Dig. § 18.*]

2. TRUSTS (§ 147*)—INCOME OF PERSONAL PROPERTY—TRANSFER BY BENEFICIARY OF RIGHT TO ENFORCE—STATUTORY PROVISIONS.

Under Laws 1897, p. 508, c. 417, § 3, providing that the right of the beneficiary to enforce the performance of a trust to receive the income of personal property and to apply it to the use of any person cannot be transferred, except that, where the beneficiary is entitled to a remainder in the whole or a part of the principal sum subject to his trust estate, he may release his interest, thus merging his trust estate in the remainder, and Laws 1903, p. 239, c. 87, § 1, which amended the law, but preserved its former provisions as to vested rights, the beneficiaries holding life estates without remainder interests could not transfer their interests

[Ed. Note.—For other cases, see Trusts, Dec. Dig. § 147.*]

Appeal from Special Term, New York County.

Action by Alonzo B. Garrett against Bianca E. Duclos and another, as trustees, etc., under the will of Frederick Duclos. A demurrer to the complaint was sustained (104 N. Y. Supp. 289), and plaintiff appeals. Affirmed.

Argued before PATTERSON, P. J., and INGRAHAM, LAUGHLIN, CLARKE, and SCOTT, JJ.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Edward J. Maxwell, for appellant.
Benjamin G. Paskus, for respondents.

LAUGHLIN, J. The question presented by this appeal is whether the trusts created by paragraph "First" of the will of Frederick Duclos have terminated. The beneficiaries of the trust assigned their interest in the income and to the corpus of the fund to plaintiff, and have attempted to release their interest in the income, in accordance with the provisions of section 3, c. 417, p. 508, of the Laws of 1897, as it stood before it was amended by section 1, c. 87, p. 239, of the Laws of 1903, upon the theory that they were, or one of them was, entitled to the entire remainder.

It is quite clear that they could not release the trusts, for they had not become, and never could become, entitled to the remainder under the provisions of the will, which so far as material to the decision of this question, are as follows:

"First, I give and bequeath unto my executors hereinafter named, or such of them as may qualify, the sum of twelve thousand dollars, for them to have and to hold in trust, nevertheless, to and for the following uses, and purposes, namely: To invest and keep the same invested, to receive the rents, issues and profits thereof, and to pay one-half of the net rents, issues and profits so received to my sister, Adelaida Duclos, during the term of her natural life, and the remaining one-half of the said net rents, issues and profits to my sister, Amelia Duclos, during the term of her natural life; upon the death of either one of my sisters, whichever one shall die first, to pay the entire net rents, issues and profits to the surviving sister during the term of her natural life; and upon the further trust at the death of the surviving sister, to transfer and pay over the principal or corpus of the estate held in trust, as aforesaid, to such person or persons and in such manner as said surviving sister shall during her lifetime, by will or otherwise, have directed."

The testator merely gave his sisters life estates, with a power of appointment in the survivor to dispose of the remainder. That power of appointment could not be exercised in advance by each sister in favor of the other, so as to vest either or both with the remainder. It was only given to the survivor, and since at the time its execution was authorized one of the sisters must be dead, and since it would take effect only on the death of the survivor, it follows necessarily that neither was entitled or could become entitled to the remainder.

Section 3, c. 417, p. 508, of the Laws of 1897, which governs this trust on the point in question, because the testator died in September, 1901, and the amendment enacted by section 1, c. 87, p. 239, of the Laws of 1903, preserved the statute with respect to vested rights as it formerly existed, provides as follows:

"The right of the beneficiary to enforce the performance of a trust to receive the income of personal property, and to apply it to the use of any person, cannot be transferred by assignment or otherwise; but the right and interest of the beneficiary of any other trust in personal property may be transferred. Whenever a beneficiary in a trust for the receipt of the income of personal property is entitled to a remainder in the whole or a part of the principal sum so held in trust, subject to his beneficial estate for a life or lives, or a shorter term, he may release his interest in such income, and thereupon the estate of the trustee shall cease in that part of such principal fund to which such beneficiary has become entitled in remainder, and such trust estate merges in such remainder."

The statute expressly prohibited the transfer of the rights of these beneficiaries to enforce the performance of the trusts for their benefit, and provided for the termination of trusts to receive and apply the income of personal property to the use of any person only in one contingency, which, as has been seen, has not happened and cannot happen under this will. The complaint, therefore, fails to state a cause of action, and the demurrer thereto was properly sustained.

It follows that the judgment should be affirmed, with costs. All concur.