LUKE BLAKE, Plaintiff, v. JACOB MATTERN, Defendant.

First Department, February 21, 1919.

Real property — trust — express trust — power in trust — when power in trust to convey to children of life beneficiary does not confer upon or vest in unborn children any interest during life of grantor of trust — action to have deed and declaration of trust declared void — necessary parties defendant.

An owner of land by a deed thereof and a declaration of trust executed by the grantee, effected valid express trusts for the benefit of her sister and a grandchild and provided that at the death of the grantor the estate should be divided into two equal parts in case her sister and her grandchild should survive her and that the income from one part should be paid to the sister during her life and the income from the other part to her grandchild during her life. No remainder was limited on the share of which the sister was to have the use during her life but it was provided that upon the death of the grandchild the trustee should convey and distribute the real estate to said grandchild's lawful issue, thereby creating a power in trust.

*Held,* that said power in trust to convey to the children of said grandchild upon her death if she should leave any children surviving did not confer upon or invest in these unborn and unascertained persons any interest in the estate during the life of the grantor of the trust, and, therefore, in an action by said grantor to have her deed and declaration of trust declared null and void, the failure to join the children of her grandchild or some one representing them was not a fatal defect of parties and the judgment therein is binding upon said children when they afterwards came into being.

SUBMISSION of a controversy upon an agreed statement of facts pursuant to section 1279 of the Code of Civil Procedure.

*Nathan F. Giffin* of counsel [*Giffin & Hannon,* attorneys], for the plaintiff.

*Andrew C. Troy* of counsel [*John C. Hoenninger,* attorney], for the defendant.

SHEARN, J.:

The controversy affects the title of the plaintiff to certain property in the borough of Manhattan, known as No. 219 West Fifty-third street. In May, 1883, Jane A. Dorland, who was seized of the premises in question, conveyed the same, together with other property, to Thomas Fenton Taylor, and on the same day Taylor executed a declaration of trust with respect to the premises, by which he stated that the same was held by him for the following uses, to wit, to receive the net rent, income and profits and apply the same to the use of Jane A. Dorland during her natural life, and upon her death leaving her sister, Catherine Fleet, and grandchild, Bertha Cozine Franklin, her surviving, to divide the estate conveyed into two equal parts, and to pay over the net rent, income and profits of one of said parts to Catherine Fleet during her life and to pay over the net rent, income and profits of the other part to Bertha Cozine Franklin. In case Catherine Fleet should not survive Jane A. Dorland, then the net rent, income and profits of all of said real estate was to be paid over to Bertha Cozine Franklin, provided, however, that if all of said net rent, income and profits should not be necessary for the support, maintenance and education of Bertha Cozine Franklin, then that portion which was not so necessary was to be accumulated and such accumulations paid

over to her when she should arrive at the age of twenty-one years, and future accumulations thereafter semi-annually during her life. If Bertha Cozine Franklin should die leaving lawful issue, then the trustee agreed to convey and distribute the real estate to such issue, share and share alike, and if Bertha Cozine Franklin should die without lawful issue, then the trustee was to convey the estate to Sarah Jane Sutton, provided, however, that, if Jane A. Dorland should survive both Catherine Fleet and Bertha Cozine Franklin, then after the death of Jane A. Dorland the trustee was to pay over the rents, income and profits from the estate to Sarah Jane Sutton during her life, and after her death to her lawful issue, share and share alike.

In October, 1883, which was about one month before the recording of the declaration of trust by Taylor, Jane A. Dorland executed an instrument directed to him, whereby she requested him to convey to one Martha A. Serven the real estate stated by her to be held by him in trust, subject to the trusts which she stated were created by her, and pursuant to that request Thomas Fenton Taylor and his wife by deed dated January 24, 1884, executed to Martha A. Serven a conveyance of the premises in question, together with other premises. Apparently some question was raised with respect to the title to the premises, and on February 12, 1895, Bertha Cozine Franklin, who then described herself as a single woman, Sarah Jane Wells, formerly Sarah Jane Sutton, Martha A. Sidebotham, who was formerly Martha A. Serven, Thomas Fenton Taylor and Mary S. Taylor, his wife, together with Jane A. Dorland, joined in the execution of an instrument which recited the conveyance by Dorland to Taylor, the execution of the declaration of trust by Taylor, the deed from Taylor to Serven and the death of Catherine Fleet intestate, and that the declaration of trust was never delivered, that the minds of the parties thereto never met, and that both the deed to Taylor and the declaration of trust were executed and recorded under a mutual misunderstanding and mistake of fact, and were without consideration, and in which deed the parties first above named conveyed to Jane A. Dorland the premises in question, it being stated in the deed that its purpose and intention was to ratify and confirm in

Jane A. Dorland the fee simple absolute of the property theretofore conveyed by her, and to abolish, nullify and declare void the conveyance made by her to Thomas Fenton Taylor. Apparently, Jane A. Dorland was not satisfied that she had acquired the complete legal title in fee to the premises in question by this conveyance, for within a month thereafter she commenced an action in the Supreme Court, New York county, against Thomas Fenton Taylor and Mary S. Taylor, his wife, Bertha Cozine Franklin, Martha A. Sidebotham, formerly Martha A. Serven, Sarah Jane Wells, formerly Sarah Jane Sutton, Frances Hegeman Sutton, Emelie Pendleton Sutton and Letitia Frances Sutton, the three last named being children of Mary Jane Sutton, in which she sought to have the deed from her to Taylor, the declaration of trust executed by Taylor and the deed from Taylor to Martha A. Serven declared null and void, and decreed and adjudged to be invalid as a cloud upon her title to the premises in question, and confirming in her the fee simple absolute of the premises. All of the defendants above named appeared in the action and interposed answers, and such proceedings were had therein that on the 11th day of April, 1895, a judgment was entered by which it was, among other things, decreed that as between the plaintiff and the defendants named in the action the plaintiff was the owner in fee simple of the premises described in the complaint, and it was declared that the deed whereby Bertha Cozine Franklin and others purported to convey to Jane A. Dorland the premises in question was of full force and effect for the purposes therein expressed, which was to vest in Jane A. Dorland the fee simple to the premises. It was further decreed that the conveyance made by the plaintiff to Thomas Fenton Taylor and the declaration of trust executed by him be set aside as well as the authority given by the plaintiff to Taylor to convey to Serven and the deed executed in conformity therewith.

Catherine Fleet, who was entitled to the income from one-half of the premises upon the death of Jane A. Dorland, had died on August 17, 1884, prior to the commencement of the action of Dorland against Taylor and others, and consequently was not made a party to that action. Frances, Emelie and Letitia Sutton were alleged in the complaint to be

the only living children of Sarah Jane Sutton, and in their answers this fact was admitted. At the time of the commencement of the action and down to about the year 1900, Bertha Cozine Franklin was a single woman, and had no children, so that of necessity none of her children were parties to the action. Bertha Cozine Franklin afterward married, and at the present time has four minor children.

The defendant's contention is that the unborn children of Bertha Cozine Franklin had a contingent remainder in the premises in question; that no person who could properly represent them was a party to the action brought by Dorland against Taylor and others, and that as a result they were not concluded by the decree in that action, and have now such an interest in the property by way of remainder after the death of their mother as to make the plaintiff's title thereto unmarketable.

The plaintiff contends that he has a good and marketable title to the premises in question; that the unborn children of Bertha Cozine Franklin did not have such an interest in the premises in question as to require that they should be represented by any one in the action brought by Dorland against Taylor and others.

The deed from Jane A. Dorland to Thomas Fenton Taylor and the declaration of trust executed by Thomas Fenton Taylor must be taken together and considered as one instrument in determining the rights which passed to the various persons who were concerned in the estate. (*Knowlton* v. *Atkins*, 134 N. Y. 313.) Under these two instruments (the absolute deed from Jane A. Dorland to Thomas Fenton Taylor and the declaration of trust executed by him simultaneously with the delivery of the deed) the first trust was one to receive the rents and profits of the lands conveyed and to apply the same to the use of Jane A. Dorland during her life. This trust was one of the express trusts allowed by the Revised Statutes. (1 R. S. 728, § 55, subd. 3, as amd. by Laws of 1830, chap. 320, § 10; now Real Prop. Law [Consol. Laws, chap. 50; Laws of 1909, chap. 52], § 96, subd. 3.) Considering the deed to Taylor alone, without reference to the declaration of trust executed by him, there can be no question but what this deed conveyed the entire estate both legal and

equitable to him; and considering the absolute deed to Taylor with the declaration of trust executed by him, as if the trust set forth in the declaration of trust had been a part of the deed to him, Taylor became vested with the whole legal and equitable estate, subject only to the execution of the trust imposed, and every estate and interest not embraced in the trust and not otherwise disposed of remained by force of the statute in Jane A. Dorland, as a legal estate. (1 R. S. 729, §§ 60, 62; now Real Prop. Law, §§ 100, 102.) By the conveyance together with the declaration of trust Jane A. Dorland went a step further with respect to the legal estate that remained in her after the termination of her life, and it was provided that at her death the estate should be divided into two equal parts in case her sister, Catherine Fleet, and her grandchild, Bertha Cozine Franklin, should survive her, and it was provided that the income from one part should be paid to Catherine Fleet during her life, and the income from the other part to Bertha Cozine Franklin during her life. If, however, Catherine Fleet should not, and Bertha Cozine Franklin should, survive Jane A. Dorland, then the income of both parts was to be paid to Bertha Cozine Franklin during her life. It is to be noted that no remainder was limited on the share of which Catherine Fleet was to have the use during her life, and as to this no ultimate disposition was attempted. This provision for the trusts during the lives of Catherine Fleet and Bertha Cozine Franklin were likewise express trusts allowed by the Revised Statutes under what is now subdivision 3 of section 96 of the Real Property Law.

The further provision resulting from this conveyance and the declaration of trust, namely, that upon the death of Bertha Cozine Franklin the trustee should convey and distribute the real estate to Bertha Cozine Franklin's lawful issue, and in default thereof to Sarah Jane Sutton, was not such an express trust as is permitted by the Revised Statutes, but, being a trust authorizing the performance of a lawful act, it was undoubtedly valid as a power in trust. (1 R. S. 729, §§ 58, 59, now Real Prop. Law, § 99; *Townshend* v. *Frommer*, 125 N. Y. 446, 456, 459.)

This brings us to the question as to whether or not this power in trust which was in Thomas Fenton Taylor, and

which undoubtedly passed to Martha A. Serven under the deed from Taylor to Serven, to convey to the children of Bertha Cozine Franklin upon her death if she should leave any children surviving, conferred upon or vested in these unborn and unascertained persons any interest in the estate during the life of Jane A. Dorland, the grantor of the trust. The case of *Townshend* v. *Frommer* (125 N. Y. 446) has many points in common with the case at bar. The facts in that case, briefly, were as follows: In 1837 Clarissa E. Curtis, her husband uniting with her in the deed, conveyed certain real estate to one Eliza Racey upon certain trusts as follows:

" But in trust, nevertheless, that the said party of the second part and her heirs shall receive the yearly income, rents, profits and produce of the said lands and premises and apply the same yearly, during the natural life of the said Clarissa, to the use of the said Clarissa, free, clear, exempt and discharged from all claim, demand, right, control or influence of her husband, the said James L. Curtis, or any husband that she may at any time have, and not to be in anywise subject to his debts, or any lien or charge created by him or anyone claiming by, from or under him, but to the sole and separate use of the said Clarissa.

" And on the further trust that the said party of the second part and her heirs shall, at the decease of the said Clarissa, convey the said lands and every part of them in fee simple to the children of the said Clarissa, living at her decease, and the surviving children of such of them as may then be dead, in equal portions, *per stirpes*, and not *per capita*, that is to say, etc."

At the time of this conveyance there was a mortgage upon the premises which subsequently became the property of one Lovett, who commenced foreclosure proceedings, making as party defendants Mrs. Curtis, her husband and Eliza Racey, the trustee, and such proceedings were had therein that a decree of foreclosure was entered and the property sold. The plaintiff in the foreclosure action purchased a part of the premises at the foreclosure sale and acquired the remainder from another purchaser at the sale. His interest subsequently became vested in a Mrs. St. John, who with those claiming under her had uninterrupted possession for upwards of thirty

years.   In 1885 the plaintiff, Townshend, purchased by bargain and sale deeds without covenants from . the children and grandchildren of Mrs. Curtis four undivided one-tenth parts of the premises in question and brought an action of ejectment against the persons who had acquired their title through Mrs. St. John, claiming that the effect of the deed of trust from Mrs. Curtis to Eliza Racey was to vest a legal estate in remainder in her children, and that as a result and because of the fact that they were not made defendants in the foreclosure action, the plaintiff had acquired through his deeds from them a legal estate in the premises to the extent of four undivided one-tenth parts.   It will be noted that the question litigated in the *Townshend* case is almost identical with the question at issue here.   In that case the contention was that the decree of foreclosure did not divest the children of Mrs. Curtis of their interest as contingent remaindermen in the property, and here the contention is that the failure to join the children of Bertha Cozine Franklin or some one representing them was so fatal a defect of parties that the judgment setting aside the trust was not one which would bind those children when they afterwards came into being.   The Court of Appeals held that the trust to Eliza Racey to convey to the children of Mrs. Curtis upon her death was not one of the express trusts permitted by the Revised Statutes, but that it was valid as a power in trust, which is the most that the defendant can urge for the provision in the declaration of trust executed by Taylor.   Apparently, Mrs. Curtis had children living at the time of the creation of the trust in Racey and there is no doubt that she had children living at the time of the foreclosure of the mortgage, whereas in the case at bar, Bertha Cozine Franklin had no children living at the time of the creation of the trust, nor at the time of the bringing of the action by Jane A. Dorland.

The reasoning in *Townshend* v. *Frommer* (*supra*) leads to the inevitable conclusion that at the time Jane A. Dorland brought her action to have the conveyance to Taylor set aside, there was no one other than those who were parties to that action who had any estate in the lands in question. Indeed, some of those who were made parties, for example, the Sutton children, had no estate in these lands.   Bertha

Cozine Franklin had no children at that time, and, if she had had any, they would have had no estate, and any equitable interests they might have had were all in abeyance. The whole estate was transferred to Taylor and every interest not embraced in the trust remained in Jane A. Dorland, and until her death and possibly until the death of Bertha Cozine Franklin no estate could vest in any one else. The case of *Downey* v. *Seib* (185 N. Y. 427) is relied upon by the defendant, but there is such a vital difference between the facts in *Downey* v. *Seib* and those in the case at bar, and as a consequence in the legal principles applicable, as to render the decision in the *Downey* case not at all controlling here. In the *Downey* case there was no trust of any sort; the deed from John Scott purported to dispose of legal estates only. The deed conveyed to Margaret for life with remainder to her issue in fee, and upon her death without issue then to her brothers or the survivor and the lawful issue of such of said brothers as might be dead in fee. These interests which the issue of Margaret and which her brothers and their issue took were legal estates, contingent, it is true, because of the uncertainty of the person to whom and the event on which they were limited to take effect, but estates nevertheless as distinguished from mere interests. In the case at bar we are concerned not at all with legal estates except so far as the conveyance from Dorland to Taylor vested in him under the provisions of the Real Property Law the entire legal estate in the premises. (Real Prop. Law, § 100.) In this view of the case it is unnecessary to consider the question whether the unborn children of Bertha Cozine Franklin were represented in the action brought by Dorland against Taylor.

The plaintiff should have judgment, with costs, directing the defendant specifically to perform his contract to purchase the premises in question.

CLARKE, P. J., LAUGHLIN, PAGE and MERRELL, JJ., concurred.

Judgment for plaintiff, with costs, directing specific performance of contract by defendant. Order to be settled on notice.