Luis James Phelps, as Substituted Trustee under Two Certain Deeds of Trust, Made by Mary Van Alen and Dated, Respectively, 2d of December, 1897, and 25th of November, 1898, Plaintiff, *v.* Mary Van Alen Thompson and Others, Defendants.

Supreme Court, New York County, November, 1922.

*Trusts — power of settlor to revoke trust of personalty of which he is sole beneficiary.*

Proceedings under an order of Special Term, Part I, of the Supreme Court, New York county, made on the 25th day of September, 1922, referring the issues herein to Frank C. Laughlin, as referee, to hear, try and determine.

*John C. Clark* (*John C. Clark* and *T. Fergus Redmond*, of counsel), for plaintiff.

*Wherry & Mygatt*, for executors of Douglas L. Robinson, deceased.

*Beals & Nicholson* (*William J. Martin, John David Beals, Jr.,* and *P. J. Dobson*, of counsel), for defendants Thompson.

*Edward R. Otheman*, guardian *ad litem*, for the infant defendants.

LAUGHLIN, Referee. This is a suit in equity brought by Luis James Phelps, as one of two substituted and sole acting trustees under a deed of trust made by Mary Van Alen, now Mary Van Alen Thompson, on the 2d day of December, 1897, and a supplemental deed of trust executed by her on the 25th day of November, 1898, solely for the purpose of correcting descriptions of the property conveyed to the trustees, for a judicial settlement of their accounts since December 31, 1917, which was the date of the last judicial settlement thereof, and for instructions of the court with respect to a demand made upon them by the settlor of the trust for a revocation of the trust, an accounting and to have the property returned to her. In her answer herein Mrs. Thompson, the settlor of the trust, prays for the relief so previously demanded of the trustees. The property, consisting of realty only, was conveyed in trust to three trustees, but the last realty was converted into personalty by them on the 10th of August, 1921, and since that time the only property in the hands of the trustee has been and is stocks, bonds and cash, amounting in the aggregate to $494,478.01. One of the trustees, the defendant James John Van Alen, resigned on the 17th of December, 1918; the other two trustees, Douglas Robinson and George L. Rives, died and the plaintiff Phelps was appointed substituted trustee in place of the former, and the defendant Griswold A. Thompson was appointed substituted trustee in place of the latter. The deed of trust describes the property conveyed to the trustees, and provides that it was so conveyed to them as joint tenants and not as tenants in common, and the survivor of them and his and their heirs, successors and assigns forever to the uses and upon and for the trusts, intents and purposes thereinafter specified. It then provides, among other things, that the trustees shall collect the rents, issues and profits during the life of the settlor and apply the net amount thereof, after specified deductions for their compensation, taxes, insurance, repairs, charges and legal expenses, to her use. The trust was evidently created solely for the benefit of the settlor, for no interest either in the income or in the principal of the property conveyed in trust is given to any other person by the deed of trust. The deed of trust contains no provision with respect to the disposition of

the corpus of the estate in the event of the death of the settlor intestate, or in the event of her leaving a will, unless it disposes of the corpus of the trust by appointment. The only provisions of the deed of trust devolving any duty on the trustees with respect to the property after the death of the settlor, or relating to a disposition thereof upon her death, are contained in paragraph second of the deed of trust and are as follows:

"*Second.* Immediately upon the death of the party hereto of the first part the trustees shall convey, transfer, distribute and deliver the whole of the property then constituting the principal of the trust to or among such person or persons, corporation or corporations as the party of the first part may by her last will and testament appoint; and in such shares or proportions, and either absolutely, or upon such trusts, or subject to such conditions or limitations as the party of the first part may by such last will and testament direct. The term ' property then constituting the principal of the trust ' shall be taken and held to mean the premises hereinbefore particularly described or such portion thereof as may then be in the possession or under the control of the trustees or (in case any portion thereof shall have been sold pursuant to the powers hereinafter conferred on the trustees), the proceeds thereof remaining in the hands of the trustees constituting capital, including such other real estate as may have been purchased by the trustees with the proceeds of such sale or sales, and also all other moneys or investments arising from the payment of losses under policies of insurance or from any other source other than income."

The provisions of the deed of trust authorizing and empowering the trustees to sell and convey the property and directing the manner in which the proceeds of any such sale shall be invested are contained in paragraphs 3 and 4 of the deed of trust as follows:

" *Third.* The trustees may at any time in their discretion sell and convey the above granted and described premises or any part or parcel thereof either at public or private sale, for cash or on credit or partly for cash and partly on credit. They shall invest the proceeds of such sale or sales in the manner hereinafter provided and shall hold the said proceeds so invested for the same uses and upon the same trusts and subject to the same conditions and covenants as are herein declared of and concerning the premises so sold by them. The trustees may in their discretion invest the proceeds of any such sale in the purchase of other lands, tenements and hereditaments either in the state of New York or elsewhere or in any interest in land, or in stocks or bonds of the United States or of the states of New York or Rhode Island, or of any city or cities in said states of New York or Rhode Island or in bonds secured by mortgages secured by real estate in the states of New

York or Rhode Island, or in first mortgage gold bonds of any corporation which has not defaulted in the payment of interest on its bonds within five years previous to such investment, or (with the concurrence of the party of the first part) in the stocks, bonds or other obligations of any corporation or corporations whatever.

" *Fourth.* The trustees shall have the same power of sale with respect to any real estate or interest in real estate which may have been purchased by them for investment as is conferred upon them with respect to the lands and premises hereinabove granted and described. They shall also have power in their discretion from time to time to sell any personal property in which they may invest, and to reinvest the proceeds of any sale or sales in the manner hereinbefore prescribed."

On the 6th of October, 1921, the settlor of the trust served a notice in writing on the trustees of her election to revoke the trust and demanding a return of the property to her.

All of the heirs at law and next of kin of the settlor and her husband are parties to the action. The infant defendants are the children of her brother, the defendant James Laurens Van Alen. It was shown that down to the time of the hearing the settlor had executed no will containing an appointment with respect to a disposition of any of the corpus of the trust.

It is argued on behalf of the infants, who, in the event that their father should predecease the settlor and that the property remains in trust until her death, would take an interest therein, that the trust is not revocable. The trustees, deeming it their duty to maintain a neutral attitude, submit the matter to the court without argument. The learned counsel for the settlor contends that, since she is the sole beneficiary of the trust and no one else had any vested or contingent interest therein, she might at will revoke the trust, and that it was revoked by her election and demand evidenced by the notice served on the trustees on the 6th of October, 1921. I am of opinion that her right so to terminate the trust is clear.

Section 23 of the Personal Property Law relating to the revocation of a trust in personal property provides as follows: " Upon the written consent of all the persons beneficially interested in a trust in personal property or any part thereof heretofore or hereafter created, the creator of such a trust may revoke the same as to the whole or such part thereof and thereupon the estate of the trustee shall cease in the whole or such part thereof."

It was suggested by counsel for the trustees that inasmuch as the trust originally was with respect to real property, it is doubtful whether these provisions of the Personal Property Law are applicable thereto. The trustees were authorized and empowered by the

deed of trust to sell and convey the real property and to convert the same into personalty, and they were not obligated to reinvest any of the proceeds of such sales in realty, but might in their discretion continue the same thereafter as personalty. *Hoskin* v. *Long Island Loan & Trust Co.*, 139 App. Div. 258; affd., on opinion of App. Div., 203 N. Y. 580; *Goodwin* v. *Broadway Trust Co.*, 87 Misc. Rep. 130. If the settlor by the deed of trust had directed the trustees upon her death to distribute the principal of the trust among her next of kin, or to pay the same over to her executor or administrator to be distributed according to her will or to law, even that would not have entitled them either to a vested or to a contingent interest therein, nor would it have required their consent to a revocation of the trust. *Whittemore* v. *Equitable Trust Co.*, 162 App. Div. 607; *Hoskin* v. *Long Island Loan & Trust Co.*, *supra.*

Prior to the time the settlor made the election to terminate the trust all of the real property had been converted into personalty. I am, therefore, of opinion that thereupon the trust became and ever since has been " a trust in personal property " (*Sperry* v. *Farmers' Loan & Trust Co.*, 154 App. Div. 447; *Cruger* v. *Union Trust Co.*, 173 id. 797; *Matter of Fritsch*, 80 Misc. Rep. 385; Gerard Title to Real Estate [5th ed.], 414), and that the provisions of section 23 of the Personal Property Law, hereinbefore quoted, which it has been held are applicable to trusts existing at the time of the enactment thereof, are applicable and authorized the settlor, at her election, to revoke the trust, for there was then and there is now no other person in being interested therein beneficially, which means having a vested or a contingent interest. *Sperry* v. *Farmers' Loan & Trust Co.*, *supra; Cram* v. *Walker*, 173 App. Div. 804.

If the views I have expressed are correct it is unnecessary to consider whether, if the property retained its character of realty, the settlor could revoke the trust; but even if the corpus of the trust were still to be deemed realty I think she could revoke the trust, for the reason that the deed of trust did not dispose of the remainder, and, therefore, it remained vested in or the reversion would revert to her (Real Prop. Law, § 102; *Newton* v. *Hunt*, 134 App. Div. 325), and the beneficiary, being entitled to the remainder or reversion, could demand a reconveyance by the trustees pursuant to the provisions of section 1 of chapter 452 of the Laws of 1893, amending title 2, chapter 1 of part II of the Revised Statutes, as construed in *Mills* v. *Mills*, 50 App. Div. 221, and section 83 of the Real Property Law as enacted by chapter 547 of the Laws of 1896. See, also, *Cook* v. *Straiton*, 41 Misc. Rep. 206; affd., 96 App. Div. 625; *Matter of Barber*, 36 Misc. Rep. 433; *Short* v. *Wilson*, 13 Johns. 33; *Brewster* v. *Brewster*, 4 Sandf.

Ch. 23; *Cuthbert* v. *Chauvet*, 136 N. Y. 326; *Wright* v. *Miller*, 8 id. 9; Fowler Real Prop. Law (3d ed.), 501; Lewin Trusts, 486. The rights of the settlor under the statutory provisions applicable to this trust when it was created in 1897 and reaffirmed in 1898 have been preserved by the subsequent amendments and changes in the statutory law. See Laws of 1903, chap. 88; Laws of 1909, chap. 52, § 102; *Garrett* v. *Duclos*, 128 App. Div. 508; *Newton* v. *Hunt, supra; Schenck* v. *Barnes*, 156 N. Y. 316; *Raymond* v. *Harris*, 84 App. Div. 546. See, also, note in 5 Columbia Law Review, 508–510. The interest of the trustees is merely in their commissions and that gives them no right to the continuance of the trust, and, therefore, their consent is not required. *Metcalfe* v. *Union Trust Co.*, 181 N. Y. 39; *Aranyi* v. *Bankers Trust Co.*, 201 App. Div. 706. By virtue of statutory law and authoritative precedents, therefore, the settlor is entitled to the remedy which she seeks by the answer interposed herein, and to judgment requiring the trustees to turn over to her all of the property held by them, after deducting their commissions and the costs, disbursements and allowances in this action. *Husted* v. *Thomson*, 158 N. Y. 328. The trustees have presented and filed their accounts, and no objection having been filed thereto the accounts will be approved. A report and judgment may be prepared by the attorneys for the settlor in accordance with these views and presented for signature and approval, respectively, at a time agreed upon by the parties appearing, or on notice of settlement, and at the same time the trustees may bring their accounts down to that date for final approval.

Judgment accordingly.