JOHN H. SAWYER, Trustee in Bankruptcy of JOHN CROWELL, Bankrupt, Appellant, *v.* JAY CROWELL and Another, Respondents.

Fourth Department, November 19, 1931.

*A. J. & F. A. Parker* [*A. J. Parker* of counsel], for the appellant.

*William U. Kreutzer*, for the respondents.

TAYLOR, J. The First National Bank of Cato obtained a judgment against defendant John Crowell in March, 1928. A supplementary proceeding was held and a receiver appointed in May, 1928. In February, 1929, at the instigation of the creditor bank, a trustee in bankruptcy of John Crowell was appointed and later the action at bar was started by the trustee to set aside a transfer of stock alleged to have been made by defendant John Crowell to his brother, defendant Jay Crowell, in the latter part of 1927. The learned official referee before whom the case was tried found that there was no fraud in the transfer; that the consideration for the transfer, however, was inadequate; and that the trustee in bankruptcy would have a right of action to recover any excess in value of the stock over and above the consideration paid were it not for the fact that the title of the receiver in supplementary proceedings barred such an action. The complaint was dismissed.

The trustee in bankruptcy acts for all creditors, while the receiver was appointed for the protection of one creditor only. The receiver might have proceeded to set aside the transfer, but his effort would have inured to the benefit of no creditor other than the one at whose instance he was appointed. (*Mandeville* v. *Avery*, 124 N. Y.

376; *Bostwick* v. *Menck*, 40 id. 383; *Steinert* v. *Van Aken*, 165 App. Div. 206.) The property in question is not in the custody or possession of the receiver and he is not in a position to administer it or the debtor's property generally for the benefit of all creditors. (*Matter of Conservative Mortgage & Guaranty Co.*, 24 F. [2d] 38.) The trustee has all the rights of a creditor with a judgment and an execution returned unsatisfied. (Bankruptcy Act, § 67, subd. b [U. S. Code, tit. 11, § 107, subd. b].)█ " Such of these anterior transfers as any creditor might have avoided, he may avoid. * * * It would be an anomaly to permit the assignee [for benefit of creditors or this receiver] to sue for and reclaim this fraudulently transferred property for distribution by him after the trustee had, for the purpose of a like distribution, wrested from him the general assets of the bankrupt." (*Matter of Gray*, 47 App. Div. 554, 557.) The vesting in the trustee of all the property which defendant John Crowell might have transferred prior to the filing of the petition in bankruptcy was not prevented by the fact that the claimed transfer was made and the receiver appointed more than four months prior to the filing of the bankruptcy petition; nor was the obtaining of a judgment or the issuing of an execution by the trustee or any creditor an essential preliminary to such vesting. (Bankruptcy Act, § 70, subd. e [U. S. Code, tit. 11, § 110, subd. e]█; *Stellwagen* v. *Clum*, 245 U. S. 605; *Skilton* v. *Codington*, 185 N. Y. 80; *Sherwood* v. *Holbrook*, 178 App. Div. 462; *Thomas* v. *Roddy*, 122 id. 851; *Gould* v. *New York Life Ins. Co.*, 132 Fed. 927.)

Neither a creditor claiming a lien attaching more than four months previous to the filing of this petition in bankruptcy, nor any other creditor, is in court disputing plaintiff's right of action. The respondents are the defendants, the claimed transferor and transferee, and cannot be heard to say that the receiver rather than the trustee should have proceeded against them.

The action is well laid and the judgment appealed from should be reversed on the law and a new trial granted, with costs to appellant to abide the event.

All concur. Present — SEARS, P. J., TAYLOR, EDGCOMB, THOMPSON and CROSBY, JJ.

Judgment reversed on the law and a new trial granted, with costs to appellant to abide event.