SAMUEL C. SONNABEND, as Receiver for R. IDA QUINLAN PORTER, Appellant, v. ROBERT H. GITTINS, as Trustee under a Declaration of Trust Made by R. IDA QUINLAN PORTER, Respondent.

Fourth Department, May 25, 1932.

*Benjamin Finegold,* for the appellant.

*Ward B. Arbury,* for the respondent.

TAYLOR, J. The trust under consideration was created by the settlor for her own benefit. The trust document transfers both real and personal property. Its expressed purpose is to vest title to all the property conveyed in the trustee who is directed to receive all rents, incomes, issues and profits and to use so much thereof as he may deem advisable for the use and benefit of the settlor — with power in the trustee to sell and convey the real estate if necessary or advisable for the use and benefit of the settlor. No provision is made in the trust deed for an absolute revocation by the grantor, nor does the deed provide for a disposition of any of the property subject to the trust or upon the death of the grantor or upon the termination of the trust. (Real Prop. Law, § 101.) As to the real estate, this is an express trust under section 96, subdivision 3, of the Real Property Law. (*Blake* v. *Mattern,* 186 App. Div. 488.) The matter of the personal property involved will be touched on later. It may be said in passing, although it is a matter of little importance on this appeal, that there being no " persons beneficially interested," the trust is revocable by the settlor as to the personalty (Pers. Prop. Law, § 23, as added by Laws of 1909, chap. 247), and is also revocable as to the realty (Real Prop. Law, § 102; *Phelps* v. *Thompson,* 119 Misc. 875).

The instant action is by a receiver in supplementary proceedings of the property of the settlor to compel a revocation of the trust for the benefit of the creditor represented by plaintiff, who obtained his judgment some four years after the creation of the trust. No claim is made that the property was transferred in fraud of creditors or that the transaction was tainted with fraud in any particular. The sole avowed purpose of the action is to compel the grantor-beneficiary to revest in herself the title to the property conveyed in order — apparently — that the receiver may realize upon it in some manner other than by an action brought. The legal title to the real estate rests in the trustee. (Real Prop. Law, § 100; *Crooke* v. *County of Kings,* 97 N. Y. 421.) Compulsory revocation of the trust cannot be decreed unless the right to revoke is property vesting in the receiver within the contemplation of section 809 of the Civil Practice Act.

The action under review is not maintainable for the reason that

this receiver, representing the debt of a single creditor, does not represent that creditor in a capacity such that he may revoke for the debtor a prior transfer of his property. This receiver became vested with nothing more than "the property of the judgment debtor" (Civ. Prac. Act, § 809) to an extent necessary to satisfy the claim of the interested creditor only. His rights are strictly limited by statute. (*Sawyer* v. *Crowell*, 233 App. Div. 484.) So far as the real property at least is concerned, the legal title to that was in the trustee long before the creditor of the *cestui que* trust had his judgment, and "property of the judgment debtor" connotes property rights through legal title — legal title resting in the debtor at the time when the statute clothes the receiver with authority or legal title obtained through suits, legal or equitable, brought by the receiver. (*Stephens* v. *Meriden Britannia Co.*, 160 N. Y. 178, 182; *I. & T. Nat. Bank* v. *Quackenbush*, 143 id. 567, 572; *Underwood* v. *Sutcliffe*, 77 id. 58.) Additional support for our conclusion in this respect is found by analogy in the opinion in *First National Bank of Canandaigua* v. *Martin* (49 Hun, 571). There it is noted that while section 2447 of the Code of Civil Procedure (now Civ. Prac. Act, § 793) provides that the judge who granted the order in supplementary proceedings may direct the debtor to deliver personal property to a receiver in supplementary proceedings, there is no statutory provision for delivery of real property; for that would create a summary substitute for the action of ejectment. Wherefore the court holds that such a delivery cannot be compelled. To the same effect is *Robinson* v. *Wood* (39 N. Y. St. Repr. 466).

Under section 34 of the Personal Property Law (we find no corresponding statutory provision as to real property) transfers of personal property in trust for the use of the persons making them are void as to existing or subsequent creditors. Section 145 of the Real Property Law provides that "where the grantor in a conveyance reserves to himself for his own benefit, an absolute power of revocation, he is to be still deemed the absolute owner of the estate conveyed, so far as the rights of creditors and purchasers are concerned." It is perhaps arguable that such absolute ownership exists when the power of revocation actually rests in a grantor although it is not reserved in the document of grant. If the trust property here involved — or any part of it — was transferred in fraud of plaintiff's principal, or if the *cestui que* trust has beneficial or possessory interests in the property — or any part of it — which are applicable to the claim of plaintiff or the creditor represented by him, appropriate remedies are available. (Pers. Prop. Law, § 34; Real Prop. Law, § 98; Civ. Prac. Act, § 1189; *Ward* v. *Petrie*, 157 N. Y. 301, 308; *Stephens* v. *Meriden*

*Britannia Co., supra,* 181, 182; *Schenck* v. *Barnes,* 156 N. Y. 316; *Seymour* v. *Wilson,* 16 Barb. 294.) But we find nothing in the statutes or the common law which indicates that this plaintiff receiver in supplementary proceedings may have the particular relief sought.

The judgment should be affirmed, with costs.

All concur.

Judgment affirmed, with costs.